1  IRA P. ROTHKEN (CA SBN 160029)
   ROTHKEN LAW FIRM
2  3 Hamilton Landing, Suite 280
3  Novato, CA 94949
   Telephone: (415) 924-4250
4  Facsimile: (415) 924-2905
5  Email: ira@techfirm.com

6  Co-Lead Counsel for Plaintiffs and the Proposed Class
7  (Additional Co-Lead Counsel appear on signature page)

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN JOSE DIVISION**

11 | In re T-Mobile Sidekick Litigation | Civ. Action No. No. 5:09-cv-04854-JW |

12 In re T-Mobile Sidekick Litigation

Civ. Action No. No. 5:09-cv-04854-JW

**NOTICE OF PLAINTIFFS'
MOTION AND MOTION FOR
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT**

**DATE: March 28, 2011
TIME: 9:00  A.M.
CTRM: 8, 4th Floor
Hon. James Ware**

Complaint Filed: 10/13/2009
Trial Date: None Set

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on March 28, 2011 at 9:00 a.m. in Courtroom 8 before the Honorable James Ware, pursuant to Federal Rules of Civil Procedure 23(c)(2) and (e), Plaintiffs will move and hereby move, for Final Approval of Class Action Settlement.  This motion is made on the grounds that the parties have reached a settlement of this action which was preliminarily approved on December 20, 2010 and for which final approval is required.  A copy of the Order Granting Preliminary Approval is attached hereto as Exhibit 1 (Dkt#65, "Notice Order").  The Settlement Agreement and exhibits thereto are attached hereto as Exhibit 2.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the Order Granting Preliminary Approval attached hereto as Exhibit 1, the Settlement Agreement and exhibits thereto attached hereto as Exhibit 2, the declarations of counsel, attached to the memorandum of points and authorities as Exhibits A-D, respectively, the papers on file in this action and such oral or documentary evidence that may be presented at the hearing of this motion.

Respectfully submitted,

Dated: February 14, 2011                    ROTHKEN LAW FIRM

By:

IRA P. ROTHKEN
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA  94949
Tel:  (415) 924-4250
Fax:  (415) 924-2905
ira@techfirm.com

SHERRIE R. SAVETT
DOUGLAS RISEN
JON LAMBIRAS
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Tel:  (215) 875-3000
Fax:  (215) 875-4636
ssavett@bm.net
drisen@bm.net
jlambiras@bm.net
stsavett@bm.net

MICHAEL J. ASCHENBRENER
EDELSON MCGUIRE, LLC
350 N. LaSalle Street, Suite 1300
Chicago, IL 60654
Tel: (312) 589-6379
Fax: (312) 589-6378
maschenbrener@edelson.com
jedelson@edelson.com

SAMUEL H. RUDMAN
MARK S. REICH
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Tel: (631) 367-7100
Fax: (631) 367-1173
srudman@rgrdlaw.com
mreich@rgrdlaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

**Certificate of Service**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 14th day of February, 2011, with a copy of this document via the Court's CM/ECF system. I certify that all parties who have appeared in this case are represented by counsel who are CM/ECF participants.

**Service List via FedEx Overnight Delivery:**

Charles B. Casper
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109

Harry H. Schneider, Jr.
Perkins Coie, LLP
Washington Mutual Tower
1201 Third Avenue, 40th Fl.
Seattle, WA 98101-3099

_____
Jared R. Smith

EXHIBIT  1

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

IT IS SO ORDERED

*James Ware*

Judge James Ware

In re T-Mobile Sidekick Litigation          No. C 09-04854 JW

**ORDER GRANTING PRELIMINARY
APPROVAL OF PROPOSED
SETTLEMENT, DIRECTING
NOTICE TO CLASS, AND SETTING
FAIRNESS HEARING**

Plaintiffs and Defendants entered into a Settlement Agreement dated November 15, 2010 (the "Agreement"), which sets forth the terms and conditions for a proposed class action settlement and dismissal of the Consolidated Class Action Complaint ("Complaint") in this case with prejudice, and submitted the Agreement for preliminary approval under Fed. R. Civ. P. 23(e). Having reviewed the Agreement and accompanying documents, and considered the oral and written presentations in support of preliminary approval, the Court finds and orders as follows:

1.      The Court has jurisdiction over the subject matter of this action, all members of the Settlement Class, and all Defendants.

2.      All defined terms used herein have the same meanings set forth for such terms in the Agreement.

3.      The Court has conducted a preliminary evaluation of the fairness, reasonableness, and adequacy of the proposed settlement set forth in the Agreement. The Court finds that the settlement appears to be the product of serious and informed arm's-length negotiations; has no obvious deficiencies; does not improperly grant preferential treatment to Plaintiffs or any Class Members; and falls within the range of reasonableness meriting possible final approval. The Court therefore grants preliminary approval of the Agreement and settlement, subject to further consideration at the Fairness Hearing described below.

EXHIBIT B

4.      The Court sets a Fairness Hearing under Fed. R. Civ. P. 23(e)(2), to be held at 9:00 a.m. on March 28, 2011 in Courtroom 8, 4th Floor of the United States District Court for the Northern District of California (San Jose Division), 280 South 1st Street, San Jose, CA 95113, for the following purposes:

(a)      To determine whether the proposed settlement is fair, reasonable, and adequate and should be approved by the Court;

(b)      To determine whether the Judgment as provided under the Agreement should be entered, dismissing the Complaint in this action with prejudice, and whether the release by the Class of the Released Claims as set forth in the Agreement should be provided to the Released Persons;

(c)      To determine whether Class Counsels' Fee Application should be granted, including incentive awards to Plaintiffs; and

(d)      To rule on such other matters as the Court may deem appropriate.

5.      Class Counsel must file their Fee Application and request for approval of incentive awards to Plaintiffs no later than February 14, 2011.

6.      The Parties must file their motion or motions for final approval of the settlement no later than February 14, 2011 (42 days before the Fairness Hearing).  The Parties must file any papers replying to objections or other submissions from Class Members no later than March 14, 2011 (14 days before the Fairness Hearing).

7.      The Court may approve the settlement with or without modification and with or without further notice to the Class of any kind.  The Court further may enter the Judgment regardless of whether it has ruled on the Fee Application.

8.      The Court approves the appointment of Rust Consulting, Inc. as Claims Administrator.

9.      The Court approves the proposed Settlement Notice, Gift Card/Payment Notice and accompanying Claim Form, Electronic Settlement Notice, and Electronic Gift

2

Card/Payment Notice, substantially in the forms attached hereto as Exhibits A-1, A-2, A-3, and A-4, respectively.

10.     Within fourteen days after Defendants receive notice of the entry of this Order, they will provide the Claims Administrator the names and last-known addresses of all persons falling within the definition of the Class that are reasonably ascertainable from Defendants' records of Sidekick users who were subscribers to Sidekick data services as of the commencement of the Service Outage, and the e-mail addresses of all such persons who also are current or former T-Mobile customers with an e-mail address in T-Mobile's mobile telephone service account records.  Defendants will also provide any other information that the Claims Administrator deems reasonably necessary to distribute the Electronic Settlement Notice.

11.     Within fourteen days after Defendants receive notice of the entry of this Order, they will identify to the Claims Administrator those persons falling within the definition of the Class who also, as determined by Defendants' review of their records relating to the Service Outage, fall within the categories described in paragraphs III.A.2.a. (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than one hundred (100) contacts) of the Agreement.  Defendants will provide the Claims Administrator with separate lists of the persons in each category, including their last-known addresses and e-mail addresses.

12.     Within thirty days after receiving notice of the entry of this Order, the Claims Administrator shall distribute the Electronic Settlement Notice by e-mail directed to (a) the Sidekick devices, and (b) any other e-mail addresses in T-Mobile's mobile telephone service account records, of Class Members who, according to Defendants' records, are Sidekick data service subscribers as of the date notice of the settlement is distributed; and (c) to the last known e-mail address, if any, other than that of the Sidekick device, to Class Members who are no longer subscribers, except that the Electronic Settlement Notice shall not be distributed to Class Members who fall within the categories described in paragraphs III.A.2.a (permanent

3

data loss) and III.A.2.b (temporary loss of access to data with fewer than one hundred (100) contacts) of the Agreement.

13. Within thirty days after receiving notice of the entry of this Order, the Claims Administrator will send the Settlement Notice by U.S. Mail to the last-known addresses, provided by Defendants as set forth in paragraph III.B.2 of the Agreement, of Class Members who, according to Defendants' records, are not current or former T-Mobile customers with an e-mail address in T-Mobile's mobile telephone service account records as of the date notice of the settlement is distributed, except that the Settlement Notice shall not be sent to Class Members who fall within the categories described in paragraphs III.A.2.a (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than one hundred (100) contacts) of the Agreement.

14. Within thirty days after receiving notice of the entry of this Order, the Claims Administrator shall, as to those Class Members who fall within the categories described in paragraphs III.A.2.a (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than one hundred (100) contacts) of the Agreement, distribute the Electronic Gift Card/Payment Notice by e-mail to (a) the Sidekick devices, and (b) any other e-mail addresses in T-Mobile's mobile telephone service account records, of Class Members who, according to Defendants' records, are Sidekick data service subscribers as of the date notice of the settlement is distributed; and (c) the last-known e-mail addresses, if any, in T-Mobile's mobile telephone service account records of Class Members who are no longer subscribers as of the date notice of the settlement is distributed (other than the e-mail addresses of the Sidekick devices those Class Members used).

15. Within thirty days after receiving notice of the entry of this Order, the Claims Administrator shall, as to those Class Members who fall within the categories described in paragraphs III.A.2.a (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than one hundred (100) contacts) of the Agreement, send the Gift Card/Payment Notice

4

and accompanying Claim Form by U.S. mail to the last-known addresses, provided by Defendants as set forth in paragraph III.B.2 of the Agreement, of Class Members who, according to Defendants' records, are not current or former T-Mobile customers with an e-mail address in T-Mobile's mobile telephone service account records as of the date notice of the settlement is distributed.

16.     The Claims Administrator will cause the Settlement Web Site to be online and publicly accessible on the first day notice is sent to Class Members.  The Claims Administrator will thereafter maintain the Settlement Web Site in accordance with the Agreement.

17.     At or before the Fairness Hearing, the Parties must file proof that the (1) Settlement Notice, (2) Gift Card/Payment Notice and accompanying Claim Form, (3) Electronic Settlement Notice, and (4) Electronic Gift Card/Payment Notice, were e-mailed or mailed, and the Settlement Web Site established and maintained, in accordance with this Order.

18.     The Court may, from time to time and without further notice to Class Members, continue or adjourn the Fairness Hearing.

19.     The form and content of the Settlement Notice, Gift Card/Payment Notice and accompanying Claim Form, Electronic Settlement Notice, Electronic Gift Card/Payment Notice, and the e-mailing or mailing thereof in accordance with this Order, meet the requirements of Fed. R. Civ. P. 23 (c) and (e) and due process with respect to giving the Class notice of the proposed settlement and the Fairness Hearing; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons entitled thereto.

20.     To be eligible to receive a T-Mobile gift card or payment by check under the settlement, a Class Member must complete and mail a valid Claim Form provided with the Gift Card/Payment Notice by U.S. Mail to the Claims Administrator within ninety days after notice is distributed, and otherwise comply with the Agreement.

21.     Payment of claims (including gift card distribution) substantially in accordance with the Agreement will be deemed final and conclusive against all Class Members.  All Class Members who fail to submit a timely and valid Claim Form will be forever barred from receiving a T-Mobile gift card or payment by check under the settlement, will be forever barred from bringing any action against the Released Persons concerning the Released Claims, but will nevertheless be bound by all terms of the Agreement and settlement, including the terms of the Judgment to be entered in this action and the release provided for in the Agreement.

22.     Each person who submits a Claim Form will be deemed to have submitted to the jurisdiction of the Court with respect to the claim.  All proceedings with respect to the administration, processing, and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, will be subject to the jurisdiction of the Court.

23.     No person will have any claim against Plaintiffs, any Class Members, Defendants, the Claims Administrator, or any of their respective counsel based on payments made or gift cards distributed substantially in accordance with the Agreement or further order of the Court.

24.     Class Members will be bound by all determinations and judgments in this action, whether favorable or unfavorable.  To request exclusion from the Class and not be so bound, a person must mail or otherwise deliver a written exclusion request to the address designated for exclusion requests in the Settlement Notice or Gift Card/Payment Notice, postmarked no later than March 7, 2011 or, if not sent by U.S. Mail, received no later than that date.  The exclusion request must state the person's name, address, and telephone number; state that the person wishes to be excluded from the Class and settlement in this action; and be signed by the person.  The request for exclusion will not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

6

25.    The Court will consider written comments from Class Members in support of, or in opposition to, the settlement, the Fee Application, or the application for incentive awards only if such comments and any supporting papers are submitted to the Clerk of the Court, United States District Court for the Northern District of California (San Jose Division), 280 South 1st Street San Jose, CA 95113, and copies of all such papers are served on each of the following:

| Sherrie Savett | Charles B. Casper | Harry H. Schneider, Jr. |
|---|---|---|
| Berger & Montague, P.C. | Montgomery, McCracken, | Perkins Coie LLP |
| 1622 Locust Street |   Walker & Rhoads, LLP | 1201 Third Avenue |
| Philadelphia, PA  19103 | 123 South Broad Street | Suite 4800 |
|  | Philadelphia, PA  19109-1099 | Seattle, WA  98101 |
| Class Counsel |  |  |
|  | Counsel for Danger, Inc. and | Counsel for T-Mobile USA, |
|  | Microsoft Corporation | Inc. |

All such comments and supporting papers must be sent so they are received by the Court, Class Counsel, and Counsel for Danger, Inc., Microsoft Corporation, and T-Mobile USA, Inc. no later than March 7, 2011.  The comments must include the Class Member's name, address, telephone number, and signature; include a reference to *In re T-Mobile Sidekick Litigation*, case number 09-04854 JW; state the Class Member's position and supporting reasons; and include copies of any documents the Class Member wishes the Court to consider.  The Court will not consider comments from non-Class Members, including persons who have excluded themselves from the Class.

26.    Class Members who submit written comments in accordance with the procedure set forth above, and who wish to be heard orally with respect to approval of the settlement or the Fee Application, must provide written notice of their intention to appear at the Fairness Hearing.  This notice must be included with or contained in the Class Member's written comments, state that the Class Member intends to appear and speak at the Fairness Hearing, and state the position the Class Member intends to present at the Fairness Hearing.  Unless otherwise permitted by further order of the Court, to perfect an appeal from any provision of an

7

order approving the settlement as fair, reasonable, and adequate, an order granting the Fee Application, or an order granting the incentive awards, a Class Member must appear and present his or her objection at the Fairness Hearing in person or through his or her counsel, or seek leave of the Court excusing such appearance prior to the Fairness Hearing.

27.     All Class Members who fail to submit an objection to the proposed settlement or the Fee Application in accordance with the deadline and procedures set forth above will be deemed to have waived and be forever foreclosed from raising the objection.

28.     Pending the Court's decision on whether the settlement should be granted final approval and the exhaustion of all appeals or review proceedings with respect thereto, neither Plaintiffs nor any Class Member, nor anyone who acts or purports to act on their behalf, shall commence or pursue any action or proceeding in any forum asserting any Released Claims.


Dated:  December 20, 2010

_____
James Ware
United States District Judge

EXHIBIT  2

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

In re T-Mobile Sidekick Litigation             No. C 09-04854 JW

                                       SETTLEMENT AGREEMENT

This Settlement Agreement is entered into as of November *15*, 2010, by (1) Plaintiffs Eli Mapstead, Lisa Marinaro, Nicole Marinaro, Lucinda Miller, Mary Pietler, and Maureen Thompson, on behalf of themselves and the proposed class defined below, (2) Defendant T-Mobile USA, Inc., (3) Defendant Danger, Inc., and (4) Defendant Microsoft Corporation.  In this Agreement, T-Mobile, Danger, and Microsoft are referred to collectively as "Defendants," and Plaintiffs and Defendants are referred to collectively as "Parties."

## I.   RECITALS

1.     On October 14, 2009, Eli Mapstead filed a putative class action in the United States District Court for the Northern District of California entitled *Eli Mapstead v. T-Mobile USA, Inc., Danger, Inc., and Microsoft Corporation*, No. 5:09-cv-04901-JW, asserting claims allegedly arising from an interruption of certain data services provided to users of Sidekick devices in the United States that began on October 2, 2009 (the "Service Outage").

2.     On October 15, 2009, Lisa Marinaro and Nicole Marinaro filed a putative class action in the United States District Court for the Western District of Washington entitled *Lisa Marinaro and Nicole Marinaro v. T-Mobile USA and Microsoft Corporation*, No. 2:09-cv-01462-JLR, asserting claims allegedly arising from the Service Outage.  By order filed December 11, 2009, the United States District Court for the Western District of Washington granted Defendants' motion, which the Marinaros did not oppose, to transfer this action to the

United States District Court for the Northern District of California, where it was docketed as No. 5:09-cv-05974-JW.

3.      On October 15, 2009, Mary Pietler filed a putative class action in the United States District Court for the Western District of Washington entitled *Mary Peitler [sic] v. T-Mobile USA, Inc.*, No. 2:09-cv-01466-JLR, asserting claims allegedly arising from the Service Outage. By order filed December 11, 2009, the United States District Court for the Western District of Washington granted Defendants' motion, which Ms. Pietler did not oppose, to transfer this action to the United States District Court for the Northern District of California, where it was docketed as No. 5:09-cv-05973-JW.

4.      On October 15, 2009, Maureen Thompson filed a putative class action in the United States District Court for the Northern District of California entitled *Maureen Thompson v. T-Mobile USA, Inc., Danger, Inc., and Microsoft Corporation*, No. 5:09-cv-04854-JW, asserting claims allegedly arising from the Service Outage.

5.      On October 12, 2009, Oren Rosenthal filed a putative class action in the Superior Court of the State of Washington in King County entitled *Oren Rosenthal v. T-Mobile USA, Inc.*, No. 09-2-36980-1 SEA, asserting claims allegedly arising from the Service Outage. On November 10, 2009, T-Mobile removed this action to the United States District Court for the Western District of Washington, where it was docketed as No. 2:09-cv-01605-JLR. By order filed December 14, 2009, the United States District Court for the Western District of Washington granted Defendants' motion, which Mr. Rosenthal did not oppose, to transfer this action to the United States District Court for the Northern District of California, where it was docketed as No. 5:09-cv-05975-JW.

6.      On October 14, 2009, Derika Moses filed a putative class action in the United States District Court for the Central District of California entitled *Derika Moses v. T-Mobile USA, Inc., Danger, Inc., and Microsoft Corporation*, No. 2:09-cv-07430-DDP-OP, asserting claims allegedly arising from the Service Outage. By order filed December 14, 2009, the

2

United States District Court for the Central District of California granted Defendants' motion, which Ms. Moses did not oppose, to transfer this action to the United States District Court for the Northern District of California, where it was docketed as No. 5:09-cv-05901-JW.

7.    On October 30, 2009, Shannon Drake filed a putative class action in the United States District Court for the Western District of Washington entitled *Shannon Drake v. T-Mobile USA, Inc., Microsoft Corporation, and Danger, Inc.*, No. 2:09-cv-01556-JCC, asserting claims allegedly arising from the Service Outage. By order filed December 11, 2009, the United States District Court for the Western District of Washington granted Defendants' motion, which Ms. Drake did not oppose, to transfer this action to the United States District Court for the Northern District of California, where it was docketed as No. 5:09-cv-06100-JW.

8.    On November 17, 2009 Terrence Taraszka, Katie Taraszka, Adam Beckelman, and Michael Guerrero filed a putative class action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division entitled *Terrence Taraszka, Katie Taraszka, Adam Beckelman, and Michael Guerrero v. Microsoft Corporation and Danger, Inc.*, No. 09 CH 45906, asserting claims allegedly arising from the Service Outage.

9.    By order filed February 4, 2010, the United States District Court for the Northern District of California, on stipulation of the Parties, consolidated the actions described in paragraphs I.1-7, and administratively closed each of them except No. 5:09-cv-04854-JW, which it designated the lead case and re-captioned as "In re T-Mobile Sidekick Litigation" (the "Consolidated Action"). The District Court further set February 19, 2010 as the deadline for the filing of a consolidated complaint.

10.    On February 19, 2010, Plaintiffs filed a Consolidated Complaint against Defendants in the Consolidated Action.

11.    The Consolidated Complaint asserts claims allegedly arising from the Service Outage, and includes claims for alleged negligence, breach of express contract, breach of implied contract, and violation of the California Consumers Legal Remedies Act, Cal. Civ.

3

Code §§ 1770(a)(5) & 1770(a)(7), Cal. Bus. & Prof. Code § 17200, Cal. Bus. & Prof. Code § 17500, and Cal. Civ. Code. § 1790 *et seq.*

12.   Defendants deny all of Plaintiffs' allegations of wrongdoing, damages, and other injuries alleged in the Consolidated Complaint and all other complaints filed by Plaintiffs or others asserting claims allegedly arising from the Service Outage, and deny liability under any claims alleged. Defendants enter into this Agreement to avoid the further expense, inconvenience, burden, uncertainty, and risk of continued litigation.

The Parties agree that, subject to judicial approval, the Consolidated Action will be dismissed and the Released Claims, as defined below, will be released on the terms and conditions included below.

## II.   **DEFINITIONS**

As used in this Agreement, the following terms have the meanings set forth below.

1.   "Claim Deadline" means a date, no earlier than ninety (90) days after the date on which notice of the settlement is provided to persons falling within the definition of the Class in accordance with the Notice Order, by which certain Class Members must mail a Claim Form to the Settlement Administrator to be eligible for a gift card or payment by check available to them under this Agreement.

2.   "Claim Form" means a form, substantially in the form attached hereto at the end of Exhibit A-2, that a qualifying Class Member may complete and mail to the Claims Administrator to receive a T-Mobile gift card or payment by check under this Agreement.

3.   "Claims Administrator" means Rust Consulting, Inc.

4.   "Class" means the following proposed class:

> All persons or entities throughout the United States whose Sidekick phones experienced an interruption of certain data services provided to users of Sidekick devices in the United States that began on October 2, 2009 (the "Service Outage" as defined in paragraph I.1, above), except that the Class does not include Defendants, their officers, directors, subsidiaries, parents, or any entity in which Defendants or their parents hold a controlling interest.

4

5.     "Class Counsel" means Ira Rothken of the Rothken Law Firm, Sherrie Savett of Berger & Montague, P.C., Michael Aschenbrener of Edelson McGuire, LLC, and Sam Rudman of Robbins Geller Rudman & Dowd LLP.

6.     "Class Member" means a person or entity that is within the definition of the Class and does not request exclusion from the Class in accordance with the Notice Order defined herein.

7.     "Defendants' Claims" has the meaning given in paragraph IV.2.

8.     "Defense Counsel" means, as to T-Mobile, Perkins Coie LLP, and, as to Danger and Microsoft, Munger, Tolles & Olson LLP and Montgomery, McCracken, Walker & Rhoads, LLP.

9.     "District Court" means the United States District Court for the Northern District of California.

10.     "Effective Date" has the meaning given in paragraph VII.1.

11.     "Electronic Gift Card/Payment Notice" means notice, substantially in the form attached hereto as Exhibit A-4, to be sent by e-mail to certain persons as provided in paragraph III.B.6, and by which they will be notified that they may qualify to receive a T-Mobile gift card or payment by check at their election. The Electronic Gift Card/Payment Notice will provide a link to the Gift Card/Payment Notice on the Settlement Web Site.

12.     "Electronic Settlement Notice" means notice of the settlement, substantially in the form attached hereto as Exhibit A-3, to be sent by e-mail to (a) the Sidekick devices, and (b) any other e-mail addresses in T-Mobile's mobile telephone service account records, of Class Members who, according to Defendants' records, are Sidekick data service subscribers as of the date notice of the settlement is distributed; and (c) the last-known e-mail addresses, if any, in T-Mobile's mobile telephone service account records of Class Members who are no longer subscribers as of the date notice of the settlement is distributed (other than the e-mail addresses of the Sidekick devices those Class Members used), except that the Electronic

5

Settlement Notice shall not be distributed to Class Members who fall within the categories described in paragraphs III.A.2.a (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than one hundred (100) contacts). The Electronic Settlement Notice will provide a link to the Settlement Notice on the Settlement Web Site.

13.    "Fairness Hearing" means a hearing held by the District Court to determine whether the settlement should be granted final approval and the Judgment entered, whether Class Counsel's Fee Application should be granted and, if so, the amount of the Fee Award.

14.    "Fee Application" has the meaning given in paragraph V.1.

15.    "Fee Award" has the meaning given in paragraph V.1.

16.    "Gift Card/Payment Notice" means notice, substantially in the form attached hereto as Exhibit A-2, to be provided to certain persons as provided in paragraph III.B.7, by which persons are notified that they may qualify to receive a T-Mobile gift card or payment at their election. The Gift Card/Payment Notice will describe the material terms of the settlement, the procedures and deadlines for objecting to or requesting exclusion from the settlement, and the date and time of the Fairness Hearing.

17.    "Judgment" means a final order and judgment of the District Court, substantially in the form attached hereto as Exhibit C, granting final approval of the settlement set forth in this Agreement, dismissing the Consolidated Complaint in the Consolidated Action with prejudice, and deeming the Parties' claims released as set forth in this Agreement.

18.    "Notice Order" means an order of the District Court, substantially in the form attached hereto as Exhibit B, granting preliminary approval of the settlement set forth in this Agreement, ordering that notice of the settlement be given to the Class as provided therein, setting the date of the Fairness Hearing, and providing an opportunity for persons and entities falling within the definition of the Class to exclude themselves from the Class.

19.    "Released Claims" has the meaning given in paragraph IV.1.

6

20.    "Released Persons" means Defendants, their subsidiaries, parents, affiliates, and any entity in which any Defendant has a controlling or an ownership interest, Defendants' current and former officers, directors, and employees, and Defendants' agents, vendors, suppliers, legal counsel, insurers, representatives, heirs, predecessors, successors, and assigns.

21.    "Settlement Notice" means a notice of the settlement, substantially in the form attached hereto as Exhibit A-1, to be posted on the Settlement Web Site and mailed to Class Members who, according to Defendants' records, are not current or former T-Mobile customers with an e-mail address in T-Mobile's mobile telephone service account records as of the date notice of the settlement is distributed, except that the Settlement Notice shall not be distributed to Class Members who fall within the categories described in paragraphs III.A.2.a (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than 100 contacts). The Settlement Notice will describe the material terms of the settlement, the procedures and deadlines for objecting to or requesting exclusion from the settlement, and the date and time of the Fairness Hearing.

22.    "Settlement Web Site" has the meaning given in paragraph VI.3.

23.    "Termination Notice" has the meaning given in paragraph VII.2.

## III.    SETTLEMENT CONSIDERATION

### A.    Settlement Benefits To Class Members

As consideration to the Class for dismissal of the Consolidated Action and release of the Released Claims, Defendants will provide the following benefits to Class Members under this Agreement.

1.    Defendants shall sponsor, for a period of seven (7) consecutive days to be selected by Defendants and to occur before February 24, 2011, a "Customer Appreciation Week" during which Defendants will make available, for free downloading by Class Members who are still Sidekick data service subscribers, twelve (12) items from the Download Catalog for the Sidekick. The items, to be selected by Defendants, will include (i) an alarm clock, (ii) a

7

Pac-Man game, (iii) three (3) animated screen savers to be selected by Defendants, (iv) two (2) themes to be selected by Defendants, (v) four (4) ringtones to be selected by Defendants, and (vi) one (1) background to be selected by Defendants. The total retail value of five (5) items for a Class Member who downloads one in each category (alarm clock, game, animated screen saver, theme, and ringtone (background excluded because themes include a background)) is approximately $17.75 per Class Member who downloads those five (5) items. The total retail value of all twelve (12) items from which Class Members can choose is approximately $34.88 per Class Member who downloads all twelve (12) items. Notice of the Customer Appreciation Week will be displayed on the Settlement Web Site and given in the Electronic Settlement Notice, Settlement Notice, Electronic Gift Card/Payment Notice, and Gift Card/Payment Notice.

2.       Certain Class Members shall be eligible to receive, at their election, a T-Mobile gift card of $35 (Thirty-Five Dollars) or a payment by check of $17.50 (Seventeen Dollars and Fifty Cents). The T-Mobile gift card will be redeemable for goods offered by T-Mobile at T-Mobile retail stores, at T-Mobile kiosks, or through T-Mobile Customer Care. However, the T-Mobile gift card may not be used for payment of T-Mobile invoices for subscription service. The Class Members eligible for these benefits are defined in paragraphs III.A.2.a and III.A.2.b, below:

a.       Class Members whose Sidekick devices sustained permanent data loss after the Service Outage because their Sidekick devices were hard reset and Defendants were unable to restore any of their data, according to Defendants' records. For purposes of this Agreement, a "hard reset" is understood to have occurred when a Sidekick device is interrupted and restarted by, for example, removing the battery before shutting it down properly or recovering from a crash. A hard reset erases the copy stored on the Sidekick device of most user data, but the data remains stored on Danger's servers except in rare circumstances and the device is synchronized with that data upon restart. A Sidekick device does not perform a hard

8

reset when it is shut down properly or when the battery is removed after a proper shutdown. The T-Mobile gift card or payment by check provided to these Class Members under this Agreement shall be in addition to any T-Mobile gift card that the Class Member may previously have received from Defendants as compensation for inconvenience arising from the Service Outage. Defendants estimate the number of Class Members in this category as approximately 1,319.

          b.    Class Members whose Sidekick devices contained fewer than one hundred (100) contacts at the commencement of the Service Outage and were hard reset during the Service Outage, thereby resulting in temporary loss of access to stored data until data restoration, according to Defendants' records.   For purposes of this Agreement, "contacts" are understood to be the names of persons or entities that users can store along with addresses, telephone numbers, e-mail addresses, and other information. Defendants estimate the number of Class Members in this category as approximately 80,000.

          c.    Class Members whose Sidekick devices contained one hundred (100) or more contacts at the commencement of the Service Outage and were hard reset during the Service Outage, thereby resulting in temporary loss of access to stored data until data restoration, received $50 gift cards from Defendants on or shortly after October 30, 2009. Those Class Members, estimated by Defendants to number approximately 100,000, are ineligible for T-Mobile gift cards or payments under this Agreement and thus are not being double-compensated.

      3.    Defendants, for a period of eighteen (18) months from the date of commencement of the Service Outage on October 2, 2009, will retain and make available for restoration to each Class Member who is a Sidekick data service subscriber or a T-Mobile customer with a mobile phone and data plan with the necessary capability on the date a restoration request is made, that Class Member's data in the form of contacts, notes, tasks, calendar entries, to-do lists, and photos, that were in Defendants' possession when the Service

Outage commenced and that Defendants stored or were subsequently able to restore. T-Mobile will further provide, for a period of eighteen (18) months from the date of commencement of the Service Outage on October 2, 2009, and on a toll-free basis, assistance to any Class Member who wishes to restore the data described above in this paragraph. T-Mobile agrees that this assistance will be rendered by persons trained to respond to inquiries regarding the restoration of this data. Defendants further agree that in the event final approval of the settlement (including exhaustion of all rights of appeal and review) becomes unexpectedly delayed, they will take reasonable steps to promptly notify the Class Members of the opportunity for data restoration and customer assistance, in order to encourage the Class Members to avail themselves of those opportunities within the available eighteen-month period even though the settlement has not been finally approved.

4.      Defendants agree that, as to Class Members who on the date that a restoration request is made are neither Sidekick data service subscribers nor T-Mobile customers with a mobile phone and data plan with the necessary data capability, they will make photos stored in the Class Members' Sidekick's Device Albums and contacts that were in Defendants' possession when the Service Outage commenced, and that Defendants stored or were subsequently able to restore, available via e-mail or CD as determined by Defendants, at Defendants' sole expense. Defendants further agree that in the event that final approval of the settlement (including exhaustion of all rights of appeal and review) becomes unexpectedly delayed, the eighteen-month period will be subject to reasonable extension or, at Defendants' option, Defendants will notify class members of the availability of contacts and Sidekick Device Album photos via e-mail or CD and make them available during the eighteen-month period even though the settlement has not been finally approved.

5.      Defendants agree to send Class Counsel, within thirty (30) days after this Agreement is fully executed, a written description of the current backup systems and procedures for data of Sidekick data service subscribers. Defendants further agree to pay for

the engagement of a mutually agreed-upon expert, Professor Steven Gribble of the University of Washington, up to the limit of a $10,000.00 budget to review and comment on the written description of the backup systems and procedures described in this paragraph.  Payment of the expert shall be at the expert's usual rate, within thirty (30) days of Defendants' acceptance of written records specifying the expert's time and expenses in performing the review and comment activities, up to the limit of the budget.

      6.     Defendants agree to provide reasonable confirmatory discovery by making one (1) witness to be designated by Danger, Inc. available for a deposition under Fed. R. Civ. P. 30(b)(6), in the Northern District of California within sixty (60) days after receiving notice that the Notice Order was entered, on the following topics:

          a.     The number of Sidekick data service subscribers whose Sidekick devices were hard reset during the Service Outage and whose data could not be restored;

          b.     The number of Sidekick data service subscribers whose Sidekick devices were hard reset during the Service Outage but had fewer than 100 (one hundred) contacts when the Service Outage commenced;

          c.     The data restoration measures that were available to Sidekick data service subscribers affected by the Service Outage; and

          d.     The current backup systems and procedures for data of Sidekick data service subscribers.

     If no single witness is available who can provide testimony on all of these topics, Defendants will make one or more additional witnesses designated by Danger, Inc. available.

      B.     <u>Claims Administrator; Notice and Administrative Costs</u>

      1.     The Claims Administrator, acting as an independent contractor, will arrange for the preparation and distribution of the Electronic Settlement Notice, the Settlement Notice, the Electronic Gift Card/Payment Notice, and the Gift Card/Payment Notice to eligible Class Members in accordance with paragraphs III.B.4, III.B.5, III.B.6, and III.B.7 below.  The

Claims Administrator will administer the settlement, including but not limited to receiving and processing claims, assisting Class Members with the claims process, and issuing and mailing gift cards and payments to qualifying Class Members.

2.   Within fourteen (14) days after receiving notice that the Notice Order was entered, Defendants will provide the Claims Administrator with the last-known names and addresses of all persons falling within the definition of the Class that are reasonably ascertainable from Defendants' records of Sidekick users who were subscribers to Sidekick data services as of the commencement of the Service Outage, and the e-mail addresses of all those persons falling within the definition of the Class that are current or former T-Mobile customers with an e-mail address in T-Mobile's mobile telephone service account records. Defendants will also provide other information that the Claims Administrator deems reasonably necessary to distribute the Electronic Settlement Notice, the Settlement Notice, the Electronic Gift Card/Payment Notice, and the Gift Card/Payment Notice to the appropriate recipients and to process and review claims. Defendants will provide the information in electronic or other format that the Claims Administrator reasonably requests.

3.   Within fourteen (14) days after receiving notice that the Notice Order was entered, Defendants will identify to the Claims Administrator those persons falling within the definition of the Class who also, as determined by Defendants' review of their records relating to the Service Outage, fall within the categories described in paragraphs III.A.2.a (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than 100 contacts). Defendants will provide the Claims Administrator with separate lists of the persons in each category, including their last known addresses and e-mail addresses.

4.   Within thirty(30) days after receiving notice that the Notice Order was entered, the Claims Administrator shall distribute the Electronic Settlement Notice by e-mail to (a) the Sidekick devices, and (b) any other e-mail addresses in T-Mobile's mobile telephone service account records, of Class Members who, according to Defendants' records, are Sidekick data

service subscribers as of the date notice of the settlement is distributed; and (c) the last-known e-mail addresses, if any, in T-Mobile's mobile telephone service account records of Class Members who are no longer subscribers as of the date notice of the settlement is distributed (other than the e-mail addresses of the Sidekick devices those Class Members used), except that the Electronic Settlement Notice shall not be distributed to Class Members who fall within the categories described in paragraphs III.A.2.a (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than 100 contacts).

    5.    Within thirty (30) days after receiving notice that the Notice Order was entered, the Claims Administrator shall send the Settlement Notice by U.S. mail to the last-known addresses, provided by Defendants as set forth in paragraph III.B.2, of Class Members who, according to Defendants' records, are not current or former T-Mobile customers with an e-mail address in T-Mobile's mobile telephone service account records as of the date notice of the settlement is distributed, except that the Settlement Notice shall not be sent to Class Members who fall within the categories described in paragraphs III.A.2.a (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than 100 contacts).

    6.    Within thirty (30) days after receiving notice that the Notice Order was entered, the Claims Administrator shall, as to those Class Members who fall within the categories described in paragraphs III.A.2.a (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than 100 contacts), distribute the Electronic Gift Card/Payment Notice by e-mail to (a) the Sidekick devices, and (b) any other e-mail addresses in T-Mobile's mobile telephone service account records, of Class Members who, according to Defendants' records, are Sidekick data service subscribers as of the date notice of the settlement is distributed; and (c) the last-known e-mail addresses, if any, in T-Mobile's mobile telephone service account records of Class Members who are no longer subscribers as of the date notice of the settlement is distributed (other than the e-mail addresses of the Sidekick devices those Class Members used).

7.     Within thirty (30) days after receiving notice that the Notice Order was entered, the Claims Administrator shall, as to those Class Members who fall within the categories described in paragraphs III.A.2.a (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than 100 contacts), send the Gift Card/Payment Notice by U.S. mail to the last-known addresses, provided by Defendants as set forth in paragraph III.B.2, of Class Members who, according to Defendants' records, are not current or former T-Mobile customers with an e-mail address in T-Mobile's mobile telephone service account records as of the date notice of the settlement is distributed.

8.     The Gift Card/Payment Notice shall provide that a person receiving it who wishes to receive a T-Mobile gift card or payment by check as provided under this Agreement shall certify that:  he or she was a Sidekick user with a subscription to Sidekick data services provided by Danger as of October 2, 2009; actually experienced the permanent data loss or temporary loss of access to data identified as qualifying him or her for a T-Mobile gift card or payment; and is in fact the person identified as the qualifying person on the Gift Card/Payment Notice.  To qualify for a T-Mobile gift card or payment, the recipient will be required to mail a Claim Form, provided with the Gift Card/Payment Notice, signed under penalty of perjury, and showing the recipient's election of a T-Mobile gift card or payment as provided under this Agreement, to the Claims Administrator within ninety (90) days after notice is distributed. Within five (5) business days of receiving a Claim Form, the Claims Administrator will send an e-mail confirming receipt to Class Members who provided an e-mail address in their completed Claim Form. All Claim Forms must be received by the Claims Administrator within one hundred and five (105) days after notice is sent to be considered timely.

9.     The Claims Administrator will review and evaluate each Claim Form for validity, accuracy, timeliness, and completeness.  If, in the determination of the Claims Administrator, a Claim Form is timely but incomplete, the Claims Administrator will give the Class Member written notice of the deficiencies, upon which the Class Member shall have

thirty (30) days to cure the deficiencies measured from the date the Claims Administrator's notice of deficiencies is mailed to the Class Member.  If, within that thirty (30)-day period, the Class Member cures the deficiencies that the Claims Administrator identified, and the Claims Administrator thereafter determines that the Class Member's claim is valid and complete, the Class Member's claim will be deemed timely and complete.

10.     Within fourteen (14) days after the Effective Date, the Claims Administrator will mail, at Defendants' expense, to persons who submitted timely, valid, and complete Claim Forms, the T-Mobile gift card of $35, or payment by check of $17.50, as elected by the person submitting the form.

11.     If a Class Member is deceased, the Class Member's executor, administrator, or legally determined heir may submit a Claim Form.  If a Class Member has a legal guardian, or due to age or disability, has executed a power of attorney authorizing another to manage the Class Member's financial affairs, the guardian or attorney may submit a Claim Form.  The Claims Administrator may require reasonable proof of the guardian's or attorney's authority. Claims shall not be transferable in any other circumstances.

12.     If the Claims Administrator rejects any Claim Form as untimely, invalid, fraudulent, or containing inaccurate or insufficient information, the Claims Administrator will promptly mail the Class Member written notice of the rejection, including notice that the Class Member may challenge the rejection by mailing written notice informing the Claims Administrator of the basis for the Class Member's challenge.  To be considered by the Claims Administrator, any such challenge must be mailed to the Claims Administrator by U.S. mail, postmarked within twenty-one (21) calendar days of the date of the Claim Administrator's mailing of the notice rejecting the Claim Form.  The Class Member shall set forth the basis of the challenge, and enclose all documents the Class Member wishes the Claims Administrator to consider.  The Claims Administrator will attempt in good faith to resolve the dispute with the Class Member within thirty (30) calendar days of receipt of the Class Member's challenge.

The Claims Administrator will notify the Class Member that, if a dispute remains, the Class Member has fourteen (14) calendar days to contact Class Counsel to appeal the Claims Administrator's rejection of the claim. If Class Counsel believes that the rejection of the claim was appropriate, Class Counsel will so notify the Class Member and Defendants' Counsel in writing within fourteen (14) calendar days of being contacted by the Class Member, and the appeal will be rejected and finally concluded. If Class Counsel disputes the rejection, Class Counsel will so notify Defendants' Counsel in writing within fourteen (14) calendar days of receipt of the appeal, and the Parties will attempt to resolve any disputes in good faith. If the outcome of the appeal is acceptance of the Class Member's claims, the Claims Administrator will, within seven (7) calendar days of notification that the claim was accepted, mail the Class Member a T-Mobile gift card or check as elected by the Class Member. The notice of rejection will instruct Class Members not to contact Defendants or Defense Counsel directly with regard to disputed claims, and Defendants and Defense Counsel have no obligation to respond to any such contacts.

13.    The Parties recognize that some Class Members may not cash or deposit their payment checks. Any payment check that was mailed to the address the Class Member gave on the Claim Form but not cashed or deposited within one hundred eighty (180) days of the date drawn will become void. Class Members who do not cash or deposit their payment checks within one hundred eighty (180) days shall no longer be eligible for relief under this Agreement. The Claims Administrator will return any funds on hand attributable to those checks to Defendants.

14.    To the extent necessary and appropriate to effectuate the settlement, Class Counsel and Defendants may, by mutual written agreement and without District Court approval, modify the procedures for submitting and processing of Claim Forms and for providing compensation.

15.     Unless otherwise ordered by the District Court, any Class Member who fails to request exclusion from the Class in accordance with the Notice Order will be bound by all of the terms of this Agreement, including the Judgment entered by the District Court and the release of Released Claims provided in this Agreement, and will be barred from bringing any claim, action, suit, or proceeding against the Released Persons concerning the Released Claims.

16.     The Claims Administrator will perform the duties and render the services contemplated by this Agreement under a written contract between the Claims Administrator and Defendants.  Neither Plaintiffs, Class Counsel, nor any Class Member will be considered a party to that contract or responsible for any fees, costs, or expenses arising under that contract.

17.     Class Counsel may designate one attorney or paralegal to request information and data from the Claims Administrator about claims administration in general (e.g., the number of notices sent, the number of exclusion requests and claims received and processed, etc.) or specific Class Members' claims if needed to further the smooth administration of claims or respond to Class Member inquiries.

18.     No person will have any claim against any of the Plaintiffs, Class Members, Defendants, other Released Persons, the Claims Administrator, or any of their respective attorneys, based on the processing, rejection, or payment of claims performed substantially in accordance with this Agreement or further orders of the District Court.

## IV.     RELEASES; DISPOSITION OF RELATED ACTIONS

1.     As of the Effective Date, Plaintiffs and all Class Members fully, finally, and forever release, relinquish, and discharge Released Persons from all liabilities, claims, rights, suits, damages, attorneys' fees, and causes of action, of any kind whatsoever, whether known or unknown, that ever existed, now exist, or may exist in the future, and that were or could have been asserted in the Consolidated Action that Plaintiffs and the Class Members have or may have arising from or relating to any service interruption or loss, whether temporary or permanent, of data or other information, or any other injury, damage, or inconvenience, in

17

connection with the Service Outage (collectively, "Released Claims"). Released Claims do not include any liabilities, claims, rights, suits, or causes of action that a Plaintiff, Class Member, or Class Counsel may assert or bring to enforce this Agreement.

  2. As of the Effective Date, Released Persons fully, finally, and forever release, relinquish, and discharge Plaintiffs, all Class Members, and their attorneys, including Class Counsel, from any and all liabilities, claims, rights, suits, damages, attorneys' fees, and causes of action, of any kind whatsoever, whether known or unknown, that ever existed, now exist, or may exist in the future, arising from or relating to the initiation, prosecution, or settlement of the Consolidated Action that Plaintiffs brought asserting claims alleged to arise in connection with the Service Outage (collectively, "Defendants' Claims"). Defendants' Claims do not include any liabilities, claims, rights, suits, or causes of action that (a) a Defendant or other Released Person may assert or bring to enforce this Agreement, or (b) relate to any Class Member's obligation to pay for T-Mobile services in accordance with T-Mobile invoices or to comply with Defendants' terms of service and other policies. This Release does not extend to release any Released Person against another Released Person.

  3. These Releases are intended to release any and all matters known, unknown, suspected or unsuspected, or hereafter discovered or ascertained arising from or relating to the Service Outage and any other matters described in paragraphs IV.1 and IV.2 above. To the extent that any law, legal principle, or statute may cause these Releases not to extend to unknown, unsuspected or unascertained claims, the Parties waive the benefits of such applicable law, legal principle, or statute, including all common law principles that would tend to preserve such claims. The Parties waive the provisions of all such statutes, laws, and legal principles, including but not limited to Section 1542 of the California Civil Code and any other statute or common law to the same effect with respect to the subject matter of these Releases. Section 1542 provides:

18

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

4.    The Parties intend to resolve all litigation arising from or relating to the Service Outage.  Plaintiffs, within fourteen (14) days after the Effective Date, will file a stipulation of dismissal of the Consolidated Action with prejudice.

## V.    ATTORNEYS' FEES AND EXPENSES, AND INCENTIVE AWARDS

1.    Defendants agree to pay to Class Counsel, subject to the District Court's review and approval, an award of attorneys' fees and costs in the amount up to $950,000.00 plus a contingent award of up to $25,000.00 ("Fee Award").  The contingent award of $25,000.00 will become part of the Fee Award only if the settlement is finally approved and the Judgment is entered, but an appeal is taken and Plaintiffs file an appellees' brief under Fed. R. App. P. 28(b). Plaintiffs agree to request no more than $950,000.00 plus a contingent award of $25,000.00 for attorneys' fees, costs, expenses, or any other fee or reimbursement from the District Court or any other court in connection with the Consolidated Action or any other litigation asserting claims alleged to arise from the Service Outage.  Class Counsel will file an application, to be heard at the Fairness Hearing, for approval of the Fee Award ("Fee Application") consistent with the foregoing.  Defendants will not oppose the Fee Application unless Plaintiffs or Class Counsel fail to comply with this paragraph.  The payment of attorneys' fees and reimbursement of expenses shall be made in the aggregate to Class Counsel, and Class Counsel will have sole discretion in allocating the fees among Plaintiffs' counsel as they deem appropriate.

2.    Class Counsel will also file an application for an award of incentive payments ("Incentive Awards") to the following named Plaintiffs in the Consolidated Amended Complaint:  Eli Mapstead, Lisa Marinaro, Lucinda Miller, Mary Pietler, and Maureen Thompson.  Defendants will not object to Incentive Awards up to $750.00 to each of these named Plaintiffs.

3.      Any Fee Award or Incentive Awards approved by the District Court will be paid to Class Counsel by Defendants within fourteen (14) days after the Fee Award or Incentive Award has become a final judgment, all appeals have been exhausted, and the final judgment is no longer subject to review upon appeal or review by writ of certiorari.

4.      Any order or proceedings relating to the Fee Application, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the finality of the Judgment approving this Agreement and the settlement set forth herein, except that an increase in Defendants' liability for attorneys' fees, costs, or expenses over the agreed amount will give Defendants the right to terminate this Agreement as provided in paragraph VII.2.

5.      The Parties did not discuss attorneys' fees, costs, and expenses until after the substantive terms of the settlement had been agreed upon.

## VI.    SETTLEMENT APPROVAL PROCESS; SETTLEMENT WEB SITE

1.      As soon as practicable after execution of this Agreement, the Parties will apply to the District Court for entry of the Notice Order.

2.      The Claims Administrator will arrange for the preparation and distribution of the Electronic Settlement Notice, Settlement Notice, Electronic Gift Card/Payment Notice, and Gift Card/Payment Notice in accordance with the Notice Order.

3.      The Claims Administrator will establish and maintain a Web site with a URL satisfactory to the Parties exclusively dedicated to providing information about this Agreement ("Settlement Web Site"). At the Settlement Web Site, copies of this Agreement and the Settlement Notice will be available for viewing and downloading in Adobe Portable Document Format (.pdf) and Microsoft XML Paper Specification (.xps) format.   The Claims Administrator will design the text and format of the Settlement Web Site, subject to Class Counsel's and Defense Counsel's approval, such approval not to be unreasonably withheld. The first day that the Settlement Web Site will be online and publicly accessible shall be the

first day that notice is sent to Class Members.  Thereafter, the Settlement Web Site will remain online and publicly accessible until the earlier of (i) sixty (60) days after the completion of the mailing of gift cards and payments and (ii) the time that this Agreement is terminated by its terms.  The Settlement Web Site may be updated from time to time to reflect relevant developments.

      4.    No later than ten (10) days before the Fairness Hearing, the Claims Administrator will provide the Parties with (i) an affidavit or declaration by a competent person attesting that the Electronic Settlement Notice, the Settlement Notice,  the Electronic Gift Card/Payment Notice, and the Gift Card/Payment Notice have been distributed, and the Settlement Web Site has been established and maintained, in accordance with the Notice Order, and (ii) reasonable data related to Site traffic and notice volume.

      5.    The Parties will file papers in support of final settlement approval and in response to any comments or objections from Class Members in accordance with the Notice Order or such other order of the District Court.

      6.    At the Fairness Hearing, Plaintiffs will move for final approval of the settlement set forth in this Agreement and entry of the Judgment.  Defendants will support that motion.

## VII.   **EFFECTIVE DATE; TERMINATION**

      1.    "Effective Date" means the first business day after all of the following events and conditions have occurred and been met:

      (a)    All Parties through their duly authorized representatives have executed this Agreement;

      (b)    The District Court has entered the Notice Order substantially in the form attached hereto as Exhibit B;

      (c)    The District Court has entered the Judgment substantially in the form attached hereto as Exhibit C, and the time for any appeal from or review of such Judgment has expired without any such appeal or review having been filed, or, if any appeal is filed and not

21

dismissed, such Judgment has been upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, if the District Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment"), and none of the Parties elects to terminate the settlement, such Alternative Judgment has become final and no longer subject to appeal or review by writ of certiorari; and

(d)     No Party having a right to terminate the settlement has given a timely Termination Notice.

2.     Each Party has the right to terminate this Agreement by providing written notice ("Termination Notice") to all other Parties within thirty (30) days after:  (a) the District Court's declining to enter the Notice Order in any material respect; (b) the District Court's declining to approve this Agreement or any material part of it; (c) the District Court's declining to enter the Judgment in any material respect; (d) the date on which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date on which an Alternative Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court.  No order of the District Court, or modification or reversal on appeal of any order of the District Court concerning any Fee Award to Class Counsel, will constitute grounds for cancellation or termination of this Agreement, except that if any court awards attorneys' fees, costs, or expenses greater than $950,000.00 plus a contingent award of up to $25,000.00, then Defendants, or any of them, shall have the right to terminate this Agreement.

3.     If the settlement is terminated under paragraph VII.2, then:  (a) the Parties and all Class Members will be deemed to have reverted to their respective positions in the Consolidated Action as of the date immediately before execution of this Agreement; and (b) the Parties will proceed in all respects as if this Agreement had not been executed and any related orders had not been entered.

## VIII.  NO ADMISSION OF WRONGDOING

1.      Neither this Agreement, any proceedings taken under this Agreement, nor any communications, negotiations, or documents in connection with this Agreement:

(a)      may be offered or received against Defendants or other Released Persons as evidence of, or be construed as or deemed to be evidence of, a presumption, concession, or admission by any Defendant or other Released Person with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Consolidated Action or other proceeding, or the deficiency of any defense that has been or could have been asserted in the Consolidated Action or any other proceeding, or of any liability or wrongdoing of Defendants or other Released Persons;

(b)      may be construed as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(c)      may be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable in the Consolidated Action would not have exceeded the consideration to be given hereunder.

## IX.      PUBLICITY PROHIBITED OTHER THAN AS ORDERED BY THE COURT

Class Counsel agree that they will not make any press release or other form of public announcement regarding the settlement of this Action, including but not limited to an announcement on their respective law firm Web sites or any other Web sites controlled by them. Notwithstanding the foregoing, Class Counsel may include a notice on their respective law firm Web sites that a settlement regarding the Sidekick Service Outage was reached along with (a) a hyperlink to the Settlement Web Site, and (b) contact information for Class Counsel so that class members can inquire about the settlement. Class Counsel agree that any public

23

statements they make on their Web sites or otherwise will be limited to factual (not opinionated) statements that are consistent with the record and court orders in this case. Class Counsel also may identify themselves as "Co-Lead Counsel for Plaintiffs and the Class" in this Action, and may describe the resolution of the case as "settled and dismissed by agreement of the Parties and approval of the Court," or words of similar effect, in their professional resumes, law firm promotional materials, continuing education materials, court filings, and in the course of describing to potential clients and the public their expertise and experience as lawyers and class action attorneys.

## X.   **MISCELLANEOUS PROVISIONS**

1.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

2.     The Parties agree that the amount paid and the other terms of the settlement were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

3.     This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of all Parties or their successors-in-interest.

4.     The headings herein are used for the purpose of convenience only and are not intended to have legal effect.

5.     The administration and consummation of this Agreement will be under the authority of the District Court, and the District Court will retain jurisdiction for, among other things, entering orders concerning any Fee Award to Class Counsel and enforcing this Agreement.

6.     The waiver by one Party of any breach of this Agreement by any other Party will not be deemed a waiver of any other prior or subsequent breach of this Agreement.

7.     This Agreement and its exhibits constitute the entire agreement among the Parties concerning the settlement of the Consolidated Action, and no representations,

24

warranties, or inducements have been made by any Party concerning this Agreement and its exhibits other than those contained in such documents. This Agreement supersedes all previous understandings, communications, and agreements with respect to the subject of this Agreement.

8.      This Agreement may be executed in one or more counterparts. All executed counterparts will be deemed to be the same instrument, provided that the Parties' respective counsel exchange among themselves all signed counterparts.

9.      This Agreement will be binding on, and inure to the benefit of, the successors and assigns of the Parties.

10.     The interpretation, effect, and validity of this Agreement, and all documents necessary to effectuate it, will be governed by the internal laws of the State of California without giving effect to its choice-of-law rules.

11.     This Agreement may not be construed more strictly against one Party than another merely because the Agreement, or any part of it, may have been prepared by counsel for one of the Parties, as the Parties recognize that the Agreement is the result of arm's-length negotiations between the Parties, and all Parties have contributed materially to the preparation of this Agreement.

12.     Class Counsel and Defense Counsel agree to cooperate fully with one another in seeking entry of the Notice Order, the District Court's approval of this Agreement, and entry of the Judgment, and to promptly make a good-faith effort to agree on and execute all other documentation as may be reasonably required to obtain the District Court's preliminary and final approval of the settlement and dismissal of the Consolidated Action.

13.     All counsel and any other person executing this Agreement, any of the exhibits hereto, or any related documents warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken under the Agreement to effectuate its terms.

25

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized attorneys below.

Ira P. Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA  94949
Telephone:  (415) 924-4250
Facsimile:  (415) 924-2905


Sherrie R. Savett
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4636


Michael J. Aschenbrenner
EDELSON McGUIRE, LLC
350 N. LaSalle Street
Suite 1300
Chicago, IL  60654
Telephone:  (312) 589-6379
Facsimile:  (312) 589-6378


Samuel H. Rudman
Mark S. Reich
ROBBINS GELLER RUDMAN & DOWD, LLP
58 South Service Road
Suite 200
Melville, NY  11747
Telephone:  (631) 367-7100
Facsimile:  (631) 367-1173

*Co-Lead Counsel for Plaintiffs and the Class*

and that they have the authority to take appropriate action required or permitted to be taken under the Agreement to effectuate its terms.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized attorneys below.

Ira P. Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA  94949
Telephone:  (415) 924-4250
Facsimile:  (415) 924-2905

Sherrie R. Savett
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4636

Michael J. Aschenbrenner
EDELSON McGUIRE, LLC
350 N. LaSalle Street
Suite 1300
Chicago, IL  60654
Telephone:  (312) 589-6379
Facsimile:  (312) 589-6378

Samuel H. Rudman
Mark S. Reich
ROBBINS GELLER RUDMAN & DOWD, LLP
58 South Service Road
Suite 200
Melville, NY  11747

27

 IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be

executed by their duly authorized attorneys below.

_____

Ira P. Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA  94949
Telephone:  (415) 924-4250
Facsimile:  (415) 924-2905

_____

Sherrie R. Savett
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile: (215) 875-4636

_____

Michael J. Aschenbrenner
EDELSON McGUIRE, LLC
350 N. LaSalle Street
Suite 1300
Chicago, IL  60654
Telephone:  (312) 589-6379
Facsimile:  (312) 589-6378

_____

Samuel H. Rudman
Mark S. Reich
ROBBINS GELLER RUDMAN & DOWD, LLP
58 South Service Road
Suite 200
Melville, NY  11747
Telephone:  (631) 367-7100
Facsimile:  (631) 367-1173

*Co-Lead Counsel for Plaintiffs and the Class*

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized attorneys below.

Ira P. Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA  94949
Telephone:  (415) 924-4250
Facsimile:  (415) 924-2905

Sherrie R. Savett
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4636

Michael J. Aschenbrenner
EDELSON McGUIRE, LLC
350 N. LaSalle Street
Suite 1300
Chicago, IL  60654
Telephone:  (312) 589-6379
Facsimile:  (312) 589-6378

Samuel H. Rudman
Mark S. Reich
ROBBINS GELLER RUDMAN & DOWD, LLP
58 South Service Road
Suite 200
Melville, NY  11747
Telephone:  (631) 367-7100
Facsimile:  (631) 367-1173

*Co-Lead Counsel for Plaintiffs and the Class*

26

T-MOBILE USA, INC

By: _____

Its: _Vice President and Chief Litigation_
                                        _Counsel_

DANGER, INC

By: _____

Its: _____

MICROSOFT CORPORATION

By: _____

Its: _____

T-MOBILE USA, INC

By: _____

Its: _____


DANGER, INC

By: _____

Its: ____OFFICER_____


MICROSOFT CORPORATION

By: _____

Its: ___President, MCB_____

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

> **If you were unable to access data services on your Sidekick device beginning October 2, 2009, you may be entitled to free items for your Sidekick as a result of a class action settlement.**

*The Court authorized this notice.  It is not a solicitation from a lawyer.*

**Your legal rights may be affected whether or not you act.  Please read this notice carefully.**

| Your Legal Rights and Options in this Proposed Settlement | |
|---|---|
| **DOWNLOAD FREE ITEMS FOR YOUR SIDEKICK** | If the Court approves the settlement, you may be entitled to download, for free, up to twelve items for your Sidekick.  See question 6 below. |
| **EXCLUDE YOURSELF** | Exclude yourself from the class.  This is the only option that allows you to bring your own lawsuit about the issues being settled in this case.  See question 9 below. |
| **COMMENT ON THE SETTLEMENT** | Write to the Court to support or oppose the proposed settlement.  See question 10 below. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the proposed settlement.  See question 11 below. |
| **DO NOTHING** | Do not download free items for your Sidekick, but if the settlement is approved, you will give up the right to sue.  See question 13 below. |

- This notice explains these rights and options, and the deadlines to exercise them.

- The Court in charge of this case still has to decide whether to approve the settlement.  Items will be made available for download if the Court approves the settlement and after any appeals are resolved.

| 1. | Why did I receive this notice? |
|---|---|

You received this notice because Danger, Inc.'s and T-Mobile's records show you may have experienced an interruption of data services for your Sidekick beginning October 2, 2009.  The Court

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

**Exhibit A-1**

ordered this notice to be sent to you because you have a right to know about a proposed class action settlement that may affect you. This notice explains the lawsuit, the settlement, who is covered by the settlement, your rights and options, the benefits available under the settlement, and how to obtain them.

| **2.** | **What is this lawsuit about?** |
|---|---|

**Plaintiffs' Claims:** This is a class action in which Plaintiffs allege that beginning on October 2, 2009, all Sidekick users were unable to access stored data (contacts, calendar, notes, to-do lists, and some photos) with their Sidekick devices or use the Sidekick's data services. Plaintiffs allege Defendants Danger, Microsoft (Danger's parent company), and T-Mobile were responsible for the lost data and service disruption as a result of their failure to adequately provide service and/or maintain the personal data of Sidekick users.

**Defendants' Claims:** Danger, Microsoft, and T-Mobile ("Defendants") acknowledge there was an interruption in data services (Web browsing, instant messaging, e-mail, and some applications) beginning October 2, 2009, but say it lasted only a few days, most users could access their stored data during the interruption, and very few users lost data. Shortly after the outage, Defendants say they gave all Sidekick data plan subscribers a free month of data service, gave the most inconvenienced subscribers $50 or $25 gift cards or credits, and gave the few subscribers who permanently lost a significant amount of data $100 gift cards and $100 credits toward a new handset. Defendants deny they committed any unlawful acts or violated any laws. The Court has not decided who is right or wrong.

| **3.** | **Why is there a settlement?** |
|---|---|

This litigation has been pending for over a year. Plaintiffs and their attorneys have concluded the settlement is in the best interests of the class because it provides a recovery now while avoiding the risk, expense, uncertainty, and delay of pursuing the case through trial and any appeals. Danger, Microsoft, and T-Mobile decided to settle to avoid the further expense, inconvenience, and risk of continued litigation.

| **4.** | **Who is included in the settlement?** |
|---|---|

The settlement includes **all persons and entities in the United States whose Sidekick phones, beginning October 2, 2009, experienced an interruption of certain data services.**

Excluded from the proposed class are Danger, Microsoft, and T-Mobile, and their officers, directors, subsidiaries, parents, or any entity in which those companies or their parent companies hold a controlling interest.

In addition, the class will exclude everyone who timely files a valid request for exclusion from the class. The procedure for exclusion is described below under question 10.

**QUESTIONS? VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

## 5.      What does the settlement provide?

### If the Settlement is Approved:

- **You will be able to download, for free, up to twelve items for your Sidekick from the Download Catalog.**

- **Danger will describe in writing to Class Counsel its current Sidekick data backup systems** and procedures, and Class Counsel will retain a technical expert to review them for reasonableness.

- **Class Counsel will question a Danger representative under oath** about its current backup systems and procedures, the number of subscribers the service interruption affected, and the data restoration measures available to them.

- **Danger, Microsoft, and T-Mobile will pay agreed litigation costs,** including the costs of giving notice to the class, administering the settlement, Court-approved incentive awards to the five Plaintiffs, and a Court-approved award of attorneys' fees and expenses to Class Counsel up to the amounts identified under question 7 below.

- Some class members who lost data permanently, or temporarily lost access to data with fewer than one hundred contacts, may submit a claim form for a $35 T-Mobile gift card or a $17.50 payment by check.  A different notice with a claim form was sent to eligible class members.  If you received this notice, you are ineligible for the gift card or payment.  See <URL for Gift Card/Payment Notice> for details.

## 6.      How do I download the twelve free items?

If the Court approves the settlement, Defendants Danger, T-Mobile, and Microsoft will make available, during a Customer Appreciation Week, up to twelve free items for download from the Sidekick Download Catalog at no expense to class members.  The twelve items will include (a) an alarm clock, (b) a Pac-Man game, (c) three animated screen savers selected by Defendants, (d) two themes selected by Defendants, (e) four ringtones selected by Defendants, and (f) one background selected by Defendants.  Defendants will notify you by e-mail when the Customer Appreciation Week will occur, and will give you instructions on how to download the items.  Their retail value is approximately $34.88.

## 7.      Who are the attorneys representing the class and how will they be paid?

The Court has appointed the following attorneys and law firms to represent the class as legal counsel:

Ira P. Rothken
ROTHKEN LAW FIRM

Sherrie R. Savett
BERGER & MONTAGUE, P.C.

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

3 Hamilton Landing
Suite 280
Novato, CA  94949
Telephone:  (415) 924-4250
Facsimile:  (415) 924-2905
www.techfirm.com

Michael J. Aschenbrener
EDELSON McGUIRE, LLC
350 N. LaSalle Street
Suite 1300
Chicago, IL  60654
Telephone:  (312) 589-6379
Facsimile:  (312) 589-6378
www.edelson.com

1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4646
www.bergermontague.com

Samuel H. Rudman
ROBBINS GELLER RUDMAN &
DOWD, LLP
58 South Service Road
Suite 200
Melville, NY  11747
Telephone:  (631) 367-7100
Facsimile:  (631) 367-1173
www.rgrdlaw.com

When they ask the Court to approve the settlement, the attorneys representing the Class (called "Class Counsel") will also apply to the Court for an award of attorneys' fees and reimbursement of expenses in the aggregate amount of $950,000 plus a contingent award of up to $25,000.  The contingent award of $25,000 will become part of Class Counsels' fee award only if the Court finally approves the settlement and enters the Judgment, but an appeal is taken and Class Counsel prepare and file a brief in the Court of Appeals.

Since the beginning of this litigation in October 2009, Class Counsel have pursued the case on behalf of class members purely on a contingent basis and received no compensation for their services or reimbursement of their expenses.  Class Counsel are requesting the $950,000 award to compensate them for time and expenses incurred.

Class Counsel will also ask the Court to approve incentive awards for the five Plaintiffs in the amount of $750 each for their initiative and efforts pursuing this case on behalf of the class, which included consulting with attorneys over the past year.

Any awards for attorneys' fees, reimbursement of expenses, or incentive awards approved by the Court will be paid by Danger, Microsoft, and T-Mobile separately from, and without reducing, the settlement payments to class members.

| 8. | What am I giving up if I stay in the class? |
|---|---|

By staying in the class, you will give up any right you may have to pursue, continue to pursue, or be part of any other lawsuit against Danger, Microsoft, T-Mobile, or their affiliates concerning the service outage and any data loss that began on October 2, 2009.  The legal claims you will release are described more fully in Paragraph 8 of the Settlement Agreement, which is available for viewing at [Settlement Web site].  If the Court approves the settlement, you will also be bound by the Court's

orders in this case, including the final judgment, which will dismiss all claims asserted on behalf of the class and order the parties to implement the settlement.

If you wish to keep your right to sue or continue a lawsuit concerning the service outage and any data loss that began on October 2, 2009, you must exclude yourself from the class.

| 9. | How can I exclude myself from the class and settlement? |
|---|---|

If you wish to exclude yourself from the class and settlement, you must submit a written exclusion request.  If you exclude yourself, you will not be bound by the final judgment; and you will retain the right to pursue your own lawsuit concerning the service outage and any data loss that began on October 2, 2009.

To request exclusion, you must write a letter or postcard that lists your name, address, and telephone number, and states that you wish to be excluded from the class and settlement in *In re T-Mobile Sidekick Litigation*, case number 09-4854 JW.  You must sign the letter or postcard and send it to the Claims Administrator at **[ADDRESS], postmarked by [DATE]** or, if delivered by a delivery service other than U.S. Mail, so that it is **received no later than [OBJECTION DEADLINE]**.

| 10. | How can I tell the Court what I think about the settlement? |
|---|---|

Unless you exclude yourself as described under question 9, you can comment in support of or in opposition to the settlement, Class Counsels' application for attorneys' fees and expenses, or the request for incentive awards for the five Plaintiffs.  You must submit any objections or comments in writing.  You must send the original of your objections or comments to the Clerk of the Court and send copies to Class Counsel, Danger and Microsoft's counsel, and T-Mobile's counsel at the following addresses, so that your objections or comments are **received no later than [OBJECTION DEADLINE]**:

Clerk of the Court
United States District Court
Northern District of California (San Jose Division)
280 South 1st Street
San Jose, CA  95113

| Class Counsel: | Counsel for Danger and Microsoft: | Counsel for T-Mobile: |
|---|---|---|
| Sherrie Savett<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA  19103 | Charles B. Casper<br>Montgomery, McCracken,<br>  Walker & Rhoads, LLP<br>123 South Broad Street<br>Philadelphia, PA  19109-1099 | Harry H. Schneider, Jr.<br>Perkins Coie LLP<br>1201 Third Avenue<br>Suite 4800<br>Seattle, WA  98101-3099 |

Your objections or comments (a) must include a reference at the beginning to *In re T-Mobile Sidekick Litigation*, case number 09-04854 JW; (b) must list your name, address, and telephone number; (c)

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

must be signed by you; and (d) must state your position and the reasons for your position.  You must include copies of any documents you wish the Court to consider.  If you do not present your views in writing in compliance with the foregoing procedure and deadline, your views will not be considered, and you will waive any objections you have.

As described below, the Court will hold a hearing to decide whether to approve the settlement.  If you submit written objections or comments and wish to appear and speak at the hearing, your objections or comments must include a statement that you intend to appear and speak at the fairness hearing, set forth the position you intend to present at the hearing, and include copies of any documents you wish the Court to consider.

If you want your own lawyer to appear and speak at the hearing on your behalf, you must also state in your written objections or comments that you intend to have your lawyer appear and speak for you, and list the name, address, and telephone number of your lawyer.

| **11.** | **When and where will the Court hold a hearing on the fairness of the settlement?** |

This lawsuit is pending before the Honorable James Ware of the United States District Court for the Northern District of California.  On **_____, 2011, at ____ a.m./p.m.**, Judge Ware will hold a hearing on the fairness of the settlement and whether it should be approved.  The hearing will be held in Courtroom _____ of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113.  At the hearing, Judge Ware will also consider Class Counsels' application for attorneys' fees and expenses and the request for incentive awards for the five Plaintiffs.

| **12.** | **Do I have to come to the hearing?  May I speak at the hearing?** |

You are not required to attend the hearing to have the Court consider your written comments or objections.  You or your lawyer may attend the hearing if you wish, at your own expense.

If you wish to speak at the hearing, you must submit written comments or objections, including a statement that you intend to appear and speak at the hearing, in compliance with the procedures and deadline set forth under question 10 above.

| **13.** | **What happens if I do nothing at all?** |

If the settlement is approved and you do not download any of the free items made available for your Sidekick on the Download Catalog, you will still be part of the class, your legal claims will be released as described under question 8 above, and you will be prohibited from pursuing them.

| **14.** | **How do I get more information?** |

This notice provides only a summary of information about the settlement.  For more details, you may wish to review the Settlement Agreement and other documents available for viewing at **[Settlement Web site]**.  You can also get more information by calling the Claims Administrator toll free at 1-800-**[_____]**.  The Settlement Agreement and all other pleadings and papers filed in the lawsuit are available for inspection and copying during regular business hours at the office of the Clerk of the Court, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113.

If you would like more information, you may also contact Class Counsel by contacting them at the addresses and telephone numbers listed under question 7 above.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, DANGER, MICROSOFT, OR T-MOBILE WITH QUESTIONS ABOUT THE SETTLEMENT.**

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

> **If you lost data on your Sidekick device as a result of a service outage that began on October 2, 2009, you may be entitled to a gift card or payment from a class action settlement.**

*The Court authorized this notice.  It is not a solicitation from a lawyer.*

**Your legal rights may be affected whether or not you act.  Please read this notice carefully.**

| Your Legal Rights and Options in this Proposed Settlement | |
|---|---|
| **SUBMIT A CLAIM** | If the Court approves the settlement, you will receive a T-Mobile gift card or payment by check if you submit a valid claim form **postmarked by _____, 2011**.  See question 6 below. |
| **EXCLUDE YOURSELF** | Exclude yourself from the class.  You will not be entitled to receive a T-Mobile gift card or payment.  This is the only option that allows you to bring your own lawsuit about the issues being settled in this case.  See question 10 below. |
| **COMMENT ON THE SETTLEMENT** | Write to the Court to support or oppose the proposed settlement.  See questions 11 and 12 below. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the proposed settlement.  See questions 12 and 13 below. |
| **DO NOTHING** | Receive no T-Mobile gift card or payment, but if the settlement is approved, you will give up the right to sue.  See question 14 below. |

- This notice explains these rights and options, and the deadlines to exercise them.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after any appeals are resolved.

| 1. | Why did I receive this notice? |
|---|---|

You received this notice because Danger Inc.'s and T-Mobile's records show you may have lost data on your Sidekick device, either temporarily or permanently, during a service outage that began on October 2, 2009.  The Court ordered this notice to be sent to you because you have a right to know about a

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

**Exhibit A-2**

proposed class action settlement that may affect you.  This notice explains the lawsuit, the settlement, who is covered by the settlement, your rights and options, the benefits available under the settlement, and how to obtain them.

| 2. | What is this lawsuit about? |
|---|---|

Plaintiffs' Claims:  This is a class action in which Plaintiffs allege that beginning on October 2, 2009, all Sidekick users were unable to access stored data (contacts, calendar, notes, to-do lists, and some photos) with their Sidekick devices or use the Sidekick's data services.  Plaintiffs allege Defendants Danger, Microsoft (Danger's parent company), and T-Mobile were responsible for the lost data and service disruption as a result of their failure to adequately provide service and/or maintain the personal data of Sidekick users.

Defendants' Claims:  Danger, Microsoft, and T-Mobile ("Defendants") acknowledge there was an interruption in data services (Web browsing, instant messaging, e-mail, and some applications) beginning October 2, 2009, but say it lasted only a few days, most users could access their stored data during the interruption, and very few users lost data.  Defendants say fewer than one-fourth of class members lost the copy of their data automatically stored on their Sidekick devices.  Defendants say those class members could restore their contacts beginning on October 19, 2009, and other data beginning on November 5, 2009, by visiting www.my.t-mobile.com and following posted instructions.  Shortly after the outage, Defendants say they gave all Sidekick data plan subscribers a free month of data service, gave the most inconvenienced subscribers $50 or $25 gift cards or credits, and gave the few subscribers who permanently lost a significant amount of data $100 gift cards and $100 credits toward a new handset.  Defendants deny they committed any unlawful acts or violated any laws.  The Court has not decided who is right or wrong.

| 3. | Why is there a settlement? |
|---|---|

This litigation has been pending for over a year.  Plaintiffs and their attorneys have concluded the settlement is in the best interests of the class because it provides a recovery now while avoiding the risk, expense, uncertainty, and delay of pursuing the case through trial and any appeals.  Danger, Microsoft, and T-Mobile decided to settle to avoid the further expense, inconvenience, and risk of continued litigation.

| 4. | Who is included in the settlement? |
|---|---|

The settlement includes **all persons and entities in the United States whose Sidekick phones, beginning October 2, 2009, experienced an interruption of certain data services.**

Excluded from the proposed class are Danger, Microsoft, and T-Mobile, and their officers, directors, subsidiaries, parents, or any entity in which those companies or their parent companies hold a controlling interest.

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

In addition, the class will exclude everyone who timely files a valid request for exclusion from the class. The procedure for exclusion is described below under question 10.

| 5. | What does the settlement provide? |
|---|---|

### If the Settlement is Approved:

- **You will be eligible for a T-Mobile gift-card or payment by check,** as described below under question 6.

- **You will be able to download, for free, up to twelve items for your Sidekick from the Download Catalog.**

- **Danger will describe in writing to Class Counsel its current Sidekick data backup systems** and procedures, and Class Counsel will retain a technical expert to review them for reasonableness.

- **Class Counsel will question a Danger representative under oath** about its current backup systems and procedures, the number of subscribers the service interruption affected, and the data restoration measures available to them.

- **Danger, Microsoft, and T-Mobile will pay agreed litigation costs,** including the costs of giving notice to the class, administering the settlement, Court-approved incentive awards to the five Plaintiffs, and a Court-approved award of attorneys' fees and expenses to Class Counsel up to the amounts identified under question 8 below.

| 6. | How do I obtain a gift card or payment by check under the settlement? |
|---|---|

This notice is being sent to all class members eligible to receive a gift card or payment, according to Defendants' records.  If you received this notice and the Court approves the settlement, and if you mail the Claims Administrator a timely and valid claim form, you will be entitled to receive, at your election, a T-Mobile gift card of $35 or a payment by check of $17.50.  The gift card will be redeemable for goods offered by T-Mobile at T-Mobile retail stores, at T-Mobile kiosks, or through T-Mobile Customer Care.  The T-Mobile gift card may not be used for payment of T-Mobile invoices for subscription service.  To request a T-Mobile gift card or payment, you must complete, sign, and mail the accompanying claim form.  Please provide all requested information, sign and date the form, and mail it to the Claims Administrator at the address provided on the form, **postmarked no later than [DATE]**.

If the Court approves the settlement, each qualified class member who submits a timely and valid claim and requests a payment of $17.50 will be sent a check in that amount.  **You must deposit or cash the check within 6 months after the date on the check.**  If you do not, the check will be void and you will no longer be entitled to any payment from the settlement fund, but you will still be bound by the terms of the settlement, including the release of your claims.

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

If a qualified class member submits a timely and valid claim and requests a T-Mobile gift card, the class member will receive a $35 T-Mobile gift card that will be redeemable for goods offered by T-Mobile at T-Mobile retail stores, at T-Mobile kiosks, or through T-Mobile Customer Care.  The T-Mobile gift card may not be used for payment of T-Mobile invoices for subscription service.

If the Claims Administrator determines your claim form is deficient, you will be notified in writing and given an opportunity to correct the deficiency.

| 7. | What other benefits are provided by the settlement? |
|---|---|

If the Court approves the settlement, Defendants Danger, T-Mobile, and Microsoft will also make available, during a Customer Appreciation Week, up to twelve free items for download from the Sidekick Download Catalog at no expense to class members.   The twelve items will include (a) an alarm clock, (b) a Pac-Man game, (c) three animated screen savers selected by Defendants, (d) two themes selected by Defendants, (e) four ringtones selected by Defendants, and (f) one background selected by Defendants.  Defendants will notify you by e-mail when the Customer Appreciation Week will occur, and will give you instructions on how to download the items.  Their retail value is approximately $34.88.

| 8. | Who are the attorneys representing the class and how will they be paid? |
|---|---|

The Court has appointed the following attorneys and law firms to represent the class as legal counsel:

Ira P. Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA  94949
Telephone:  (415) 924-4250
Facsimile:  (415) 924-2905
www.techfirm.com

Michael J. Aschenbrener
EDELSON McGUIRE, LLC
350 N. LaSalle Street
Suite 1300
Chicago, IL  60654
Telephone:  (312) 589-6379
Facsimile:  (312) 589-6378
www.edelson.com

Sherrie R. Savett
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4646
www.bergermontague.com

Samuel H. Rudman
ROBBINS GELLER RUDMAN &
DOWD, LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  (631) 367-7100
Facsimile:  (631) 367-1173
www.rgrdlaw.com

When they ask the Court to approve the settlement, the attorneys representing the Class (called "Class Counsel") will also apply to the Court for an award of attorneys' fees and reimbursement of expenses in

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

the aggregate amount of $950,000 plus a contingent award of up to $25,000.  The contingent award of $25,000 will become part of Class Counsels' fee award only if the Court finally approves the settlement and enters the Judgment, but an appeal is taken and Class Counsel prepare and file a brief in the Court of Appeals.

Since the beginning of this litigation in October 2009, Class Counsel have pursued the case on behalf of class members purely on a contingent basis and received no compensation for their services or reimbursement of their expenses.  Class Counsel are requesting the $950,000 award to compensate them for time and expenses incurred.

Class Counsel will also ask the Court to approve incentive awards for the five Plaintiffs in the amount of $750 each, for their initiative and efforts pursuing this case on behalf of the class, which included consulting with attorneys over the past year.

Any awards for attorneys' fees, reimbursement of expenses, or incentive awards approved by the Court will be paid by Danger, Microsoft, and T-Mobile separately from, and without reducing, the settlement payments to class members.

| 9. | What am I giving up to obtain a payment or stay in the class? |
|---|---|

You must stay in the class to submit a claim and obtain a T-Mobile gift card or payment.  By staying in the class, you will give up any right you may have to pursue, continue to pursue, or be part of any other lawsuit against Danger, Microsoft, T-Mobile, or their affiliates concerning the service outage and any data loss that began on October 2, 2009, even if you don't submit a claim.  The legal claims you will release are described more fully in Paragraph 8 of the Settlement Agreement, which is available for viewing at **[Settlement Web site]**.  If the Court approves the settlement, you will also be bound by the Court's orders in this case, including the final judgment, which will dismiss all claims asserted on behalf of the class and order the parties to implement the settlement.

If you wish to keep your right to sue or continue a lawsuit concerning the service outage and any data loss that began on October 2, 2009, you must exclude yourself from the class.

| 10. | How can I exclude myself from the class and settlement? |
|---|---|

If you wish to exclude yourself from the class and settlement, you must submit a written exclusion request.  If you exclude yourself, you cannot obtain a T-Mobile gift card or payment under the settlement, you will not be bound by the final judgment, and you will retain the right to pursue your own lawsuit concerning the service outage and any data loss that began on October 2, 2009.

To request exclusion, you must write a letter or postcard that lists your name, address, and telephone number, and states that you wish to be excluded from the class and settlement in *In re T-Mobile Sidekick Litigation*, case number 09-4854 JW.  You must sign the letter or postcard and send it to the Claims

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

Administrator at **[ADDRESS], postmarked by [DATE]** or, if delivered by a delivery service other than U.S. Mail, so that it is **received no later than [OBJECTION DEADLINE]**.

| | |
|---|---|
| **11.** | **How can I tell the Court what I think about the settlement?** |

Unless you exclude yourself as described under question 10, you can comment in support of or in opposition to the settlement, Class Counsels' application for attorneys' fees and expenses, or the request for incentive awards for the five Plaintiffs.  You must submit any objections or comments in writing.  You must send the original of your objections or comments to the Clerk of the Court and send copies to Class Counsel, Danger and Microsoft's counsel, and T-Mobile's counsel at the following addresses, so that your objections or comments are **received no later than [OBJECTION DEADLINE]**:

Clerk of the Court
United States District Court
Northern District of California (San Jose Division)
280 South 1st Street
San Jose, CA  95113

| Class Counsel: | Counsel for Danger and Microsoft: | Counsel for T-Mobile: |
|---|---|---|
| Sherrie Savett<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA  19103 | Charles B. Casper<br>Montgomery, McCracken,<br>  Walker & Rhoads, LLP<br>123 South Broad Street<br>Philadelphia, PA  19109-1099 | Harry H. Schneider, Jr.<br>Perkins Coie LLP<br>1201 Third Avenue<br>Suite 4800<br>Seattle, WA  98101-3099 |

Your objections or comments (a) must include a reference at the beginning to *In re T-Mobile Sidekick Litigation*, case number 09-04854 JW; (b) must list your name, address, and telephone number; (c) must be signed by you; and (d) must state your position and the reasons for your position.  You must include copies of any documents you wish the Court to consider.  If you do not present your views in writing in compliance with the foregoing procedure and deadline, your views will not be considered, and you will waive any objections you have.

As described below, the Court will hold a hearing to decide whether to approve the settlement.  If you submit written objections or comments and wish to appear and speak at the hearing, your objections or comments must include a statement that you intend to appear and speak at the fairness hearing, set forth the position you intend to present at the hearing, and include copies of any documents you wish the Court to consider.

If you want your own lawyer to appear and speak at the hearing on your behalf, you must also state in your written objections or comments that you intend to have your lawyer appear and speak for you, and list the name, address, and telephone number of your lawyer.

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

**12.   When and where will the Court hold a hearing on the fairness of the settlement?**

This lawsuit is pending before the Honorable James Ware of the United States District Court for the Northern District of California (San Jose).  On _____, 2011, at \_\_\_ a.m./p.m., Judge Ware will hold a hearing on the fairness of the settlement and whether it should be approved.  The hearing will be held in Courtroom \_\_\_ of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113.  At the hearing, Judge Ware will also consider Class Counsels' application for attorneys' fees and expenses and the request for incentive awards for the five Plaintiffs.

**13.   Do I have to come to the hearing?  May I speak at the hearing?**

You are not required to attend the hearing to have the Court consider your written comments or objections.  You or your lawyer may attend the hearing if you wish, at your own expense.

If you wish to speak at the hearing, you must submit written comments or objections, including a statement that you intend to appear and speak at the hearing, in compliance with the procedures and deadline set forth under question 11 above.

**14.   What happens if I do nothing at all?**

If you do nothing and the settlement is approved, you will receive no payment from the settlement.  You will still be part of the class, however, your legal claims will be released as described under question 9 above, and you will be prohibited from pursuing them.  In other words, if you do nothing at all and the Court approves the settlement, your legal claims will be released and you will receive no payment.  You will, however, still be eligible for the benefits described under question 7.

**15.   How do I get more information?**

This notice provides only a summary of information about the settlement.  For more details, you may wish to review the Settlement Agreement and other documents available for viewing at [Settlement Web site].  You can also get more information by calling the Claims Administrator toll free at 1-800-[_____].  The Settlement Agreement and all other pleadings and papers filed in the lawsuit are available for inspection and copying during regular business hours at the office of the Clerk of the Court, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113.

If you would like more information, you may also contact Class Counsel by contacting them at the addresses and telephone numbers listed under question 8 above.

**PLEASE DO NOT CONTACT THE COURT, DANGER, MICROSOFT, OR T-MOBILE WITH QUESTIONS ABOUT THE SETTLEMENT.**

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

## <u>SETTLEMENT CLAIM FORM</u>

*In re T-Mobile Sidekick Litigation, Case No. C 09-04854 JW*
*(United States District Court for the Northern District of California)*

**To make a claim in the above case, please complete and mail this form,
postmarked no later than <mark>_____</mark>, 2011, to:**

**Sidekick Settlement
<mark>ADDRESS</mark>**

---

**[Printed class member name]
[Printed class member address]
[Printed Class Member City, State Zip]**

**I.     <u>NAME/ADDRESS CORRECTION</u>**

☐      If your name or address as printed above is incorrect or outdated, please check the box to the left and fill out this Section I to correct or update your name or address.

If you are entitled to a settlement gift card or payment by check, it will be made out to the name and sent to the address printed above, unless you correct or update the information in the space below.

First name:_____   Middle initial:_____  Last name:_____

Street address:_____

City:_____   State: _____   Zip code:_____

**II.     <u>CHOICE OF GIFT CARD OR PAYMENT</u>**

This lawsuit concerns an interruption of data services, including e-mail and Web browsing, for Sidekick mobile phones that began on October 2, 2009.  Most Sidekick users retained the ability to access data stored on their Sidekick devices (for example, contacts, calendar, notes, to-do lists, and photos) during and after the service interruption.  You received this pre-printed claim form because Danger Inc.'s or T-Mobile's records show you, unlike most Sidekick users, may have lost access to the data (contacts, calendar, notes, to-do lists, or some photos) stored on your Sidekick, either temporarily or permanently, due to the service interruption.

**Under the settlement, you are entitled to your choice of a $35 T-Mobile gift card or a check for $17.50.  Please select the gift card or check by marking the appropriate box below.  If you choose a gift card, it will be redeemable for goods offered by T-Mobile at T-Mobile retail stores, at T-Mobile kiosks, or through T-Mobile Customer Care.  You may not use the gift card to pay your monthly T-Mobile bill.  If you choose a check, you must deposit or cash the check within 6 months after the date on the check.
I wish to receive (choose one):**

☐      **$35 T-Mobile gift card**

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

**Exhibit A-2**

**OR**

☐ **Check for $17.50**

III. **<u>AFFIRMATION</u>**

 **Please read the following statement and sign and date the form below.**

 I was a Sidekick user on October 2, 2009, and lost data on my Sidekick device, either temporarily or permanently, during a service outage that began on October 2, 2009.

 Signature:_____ Date:_____

**PLEASE DO <u>NOT</u> CONTACT THE COURT, DANGER, MICROSOFT, OR T-MOBILE WITH QUESTIONS ABOUT THE SETTLEMENT.**

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

<u>**ELECTRONIC SETTLEMENT NOTICE**</u>

<u>SUBJECT</u>:      NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

<u>TEXT</u>:

If you were unable to access data services on your Sidekick device beginning October 2, 2009, you may be entitled to free items for your Sidekick, to be made available during a Customer Appreciation Week as a result of a class action settlement.  The United States District Court for the Northern District of California authorized this notice.

This is not a solicitation from a lawyer.  Your legal rights may be affected whether or not you act. Please go to [INSERT WEB SITE ADDRESS FOR SETTLEMENT WEB SITE] for more information regarding your benefits and rights under this settlement.

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

**PLEASE DO <u>NOT</u> CONTACT THE COURT, DANGER, MICROSOFT, OR T-MOBILE WITH QUESTIONS ABOUT THE SETTLEMENT.**

## <u>ELECTRONIC GIFT CARD/PAYMENT NOTICE</u>

<u>SUBJECT</u>:      NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

<u>TEXT</u>:

If you lost data on your Sidekick device as a result of a service outage that began on October 2, 2009, you may be entitled to a gift card or payment by check from a class action settlement, as well as free items for your Sidekick to be made available during a Customer Appreciation Week. The United States District Court for the Northern District of California authorized this notice.

This is not a solicitation from a lawyer.  Your legal rights may be affected whether or not you act.  Please go to [INSERT WEB SITE ADDRESS FOR SETTLEMENT WEB SITE] for more information regarding your benefits and rights under this settlement.

**QUESTIONS?  VISIT WWW._____ OR CALL 1-800-XXX-XXXX TOLL-FREE**

**PLEASE DO <u>NOT</u> CONTACT THE COURT, DANGER, MICROSOFT, OR T-MOBILE WITH QUESTIONS ABOUT THE SETTLEMENT.**

Exhibit A-4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

**In re T-Mobile Sidekick Litigation**          **No. C 09-04854 JW**

**[PROPOSED]**
**ORDER GRANTING PRELIMINARY**
**APPROVAL OF PROPOSED**
**SETTLEMENT, DIRECTING**
**NOTICE TO CLASS, AND SETTING**
**FAIRNESS HEARING**

Plaintiffs and Defendants entered into a Settlement Agreement dated November ___, 2010 (the "Agreement"), which sets forth the terms and conditions for a proposed class action settlement and dismissal of the Consolidated Class Action Complaint ("Complaint") in this case with prejudice, and submitted the Agreement for preliminary approval under Fed. R. Civ. P. 23(e).  Having reviewed the Agreement and accompanying documents, and considered the oral and written presentations in support of preliminary approval, the Court finds and orders as follows:

1.      The Court has jurisdiction over the subject matter of this action, all members of the Settlement Class, and all Defendants.

2.      All defined terms used herein have the same meanings set forth for such terms in the Agreement.

3.      The Court has conducted a preliminary evaluation of the fairness, reasonableness, and adequacy of the proposed settlement set forth in the Agreement.  The Court finds that the settlement appears to be the product of serious and informed arm's-length negotiations; has no obvious deficiencies; does not improperly grant preferential treatment to Plaintiffs or any Class Members; and falls within the range of reasonableness meriting possible final approval. The Court therefore grants preliminary approval of the Agreement and settlement, subject to further consideration at the Fairness Hearing described below.

EXHIBIT B

4.      The Court sets a Fairness Hearing under Fed. R. Civ. P. 23(e)(2), to be held at

_____ [a.m/p.m.] on _____, 2011 in Courtroom ___ of the United States District

Court for the Northern District of California (San Jose Division), 280 South 1st Street, San

Jose, CA 95113, for the following purposes:

(a)      To determine whether the proposed settlement is fair, reasonable, and

adequate and should be approved by the Court;

(b)      To determine whether the Judgment as provided under the Agreement

should be entered, dismissing the Complaint in this action with prejudice, and whether the

release by the Class of the Released Claims as set forth in the Agreement should be provided to

the Released Persons;

(d)      To determine whether Class Counsels' Fee Application should be

granted, including incentive awards to Plaintiffs; and

(e)      To rule on such other matters as the Court may deem appropriate.

5.      Class Counsel must file their Fee Application and request for approval of

incentive awards to Plaintiffs no later than **[14 DAYS BEFORE OBJECTION DATE]**.

6.      The Parties must file their motion or motions for final approval of the

settlement, no later than _____ days before the Fairness Hearing.  The Parties must file any

papers replying to objections or other submissions from Class Members no later than _____ days

before the Fairness Hearing.

7.      The Court may approve the settlement with or without modification and with or

without further notice to the Class of any kind.  The Court further may enter the Judgment

regardless of whether it has ruled on the Fee Application.

8.      The Court approves the appointment of Rust Consulting, Inc. as Claims

Administrator.

9.      The Court approves the proposed Settlement Notice, Gift Card/Payment Notice

and accompanying Claim Form, Electronic Settlement Notice, and Electronic Gift

2

Card/Payment Notice, substantially in the forms attached hereto as Exhibits A-1, A-2, A-3, and A-4, respectively.

10.     Within fourteen days after Defendants receive notice of the entry of this Order, they will provide the Claims Administrator the names and last-known addresses of all persons falling within the definition of the Class that are reasonably ascertainable from Defendants' records of Sidekick users who were subscribers to Sidekick data services as of the commencement of the Service Outage, and the e-mail addresses of all such persons who also are current or former T-Mobile customers with an e-mail address in T-Mobile's mobile telephone service account records.  Defendants will also provide any other information that the Claims Administrator deems reasonably necessary to distribute the Electronic Settlement Notice.

11.     Within fourteen days after Defendants receive notice of the entry of this Order, they will identify to the Claims Administrator those persons falling within the definition of the Class who also, as determined by Defendants' review of their records relating to the Service Outage, fall within the categories described in paragraphs III.A.2.a. (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than one hundred (100) contacts) of the Agreement.  Defendants will provide the Claims Administrator with separate lists of the persons in each category, including their last-known addresses and e-mail addresses.

12.     Within thirty days after receiving notice of the entry of this Order, the Claims Administrator shall distribute the Electronic Settlement Notice by e-mail directed to (a) the Sidekick devices, and (b) any other e-mail addresses in T-Mobile's mobile telephone service account records, of Class Members who, according to Defendants' records, are Sidekick data service subscribers as of the date notice of the settlement is distributed; and (c) to the last known e-mail address, if any, other than that of the Sidekick device, to Class Members who are no longer subscribers, except that the Electronic Settlement Notice shall not be distributed to Class Members who fall within the categories described in paragraphs III.A.2.a (permanent

3

data loss) and III.A.2.b (temporary loss of access to data with fewer than one hundred (100) contacts) of the Agreement.

13.     Within thirty days after receiving notice of the entry of this Order, the Claims Administrator will send the Settlement Notice by U.S. Mail to the last-known addresses, provided by Defendants as set forth in paragraph III.B.2 of the Agreement, of Class Members who, according to Defendants' records, are not current or former T-Mobile customers with an e-mail address in T-Mobile's mobile telephone service account records as of the date notice of the settlement is distributed, except that the Settlement Notice shall not be sent to Class Members who fall within the categories described in paragraphs III.A.2.a (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than one hundred (100) contacts) of the Agreement.

14.     Within thirty days after receiving notice of the entry of this Order, the Claims Administrator shall, as to those Class Members who fall within the categories described in paragraphs III.A.2.a (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than one hundred (100) contacts) of the Agreement, distribute the Electronic Gift Card/Payment Notice by e-mail to (a) the Sidekick devices, and (b) any other e-mail addresses in T-Mobile's mobile telephone service account records, of Class Members who, according to Defendants' records, are Sidekick data service subscribers as of the date notice of the settlement is distributed; and (c) the last-known e-mail addresses, if any, in T-Mobile's mobile telephone service account records of Class Members who are no longer subscribers as of the date notice of the settlement is distributed (other than the e-mail addresses of the Sidekick devices those Class Members used).

15.     Within thirty days after receiving notice of the entry of this Order, the Claims Administrator shall, as to those Class Members who fall within the categories described in paragraphs III.A.2.a (permanent data loss) and III.A.2.b (temporary loss of access to data with fewer than one hundred (100) contacts) of the Agreement, send the Gift Card/Payment Notice

4

and accompanying Claim Form by U.S. mail to the last-known addresses, provided by Defendants as set forth in paragraph III.B.2 of the Agreement, of Class Members who, according to Defendants' records, are not current or former T-Mobile customers with an e-mail address in T-Mobile's mobile telephone service account records as of the date notice of the settlement is distributed.

16.     The Claims Administrator will cause the Settlement Web Site to be online and publicly accessible on the first day notice is sent to Class Members.  The Claims Administrator will thereafter maintain the Settlement Web Site in accordance with the Agreement.

17.     At or before the Fairness Hearing, the Parties must file proof that the (1) Settlement Notice, (2) Gift Card/Payment Notice and accompanying Claim Form, (3) Electronic Settlement Notice, and (4) Electronic Gift Card/Payment Notice, were e-mailed or mailed, and the Settlement Web Site established and maintained, in accordance with this Order.

18.     The Court may, from time to time and without further notice to Class Members, continue or adjourn the Fairness Hearing.

19.     The form and content of the Settlement Notice, Gift Card/Payment Notice and accompanying Claim Form, Electronic Settlement Notice, Electronic Gift Card/Payment Notice, and the e-mailing or mailing thereof in accordance with this Order, meet the requirements of Fed. R. Civ. P. 23 (c) and (e) and due process with respect to giving the Class notice of the proposed settlement and the Fairness Hearing; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons entitled thereto.

20.     To be eligible to receive a T-Mobile gift card or payment by check under the settlement, a Class Member must complete and mail a valid Claim Form provided with the Gift- Card/Payment Notice by U.S. Mail to the Claims Administrator within ninety days after notice is distributed, and otherwise comply with the Agreement.

5

21.     Payment of claims (including gift card distribution) substantially in accordance with the Agreement will be deemed final and conclusive against all Class Members.  All Class Members who fail to submit a timely and valid Claim Form will be forever barred from receiving a T-Mobile gift card or payment by check under the settlement, will be forever barred from bringing any action against the Released Persons concerning the Released Claims, but will nevertheless be bound by all terms of the Agreement and settlement, including the terms of the Judgment to be entered in this action and the release provided for in the Agreement.

22.     Each person who submits a Claim Form will be deemed to have submitted to the jurisdiction of the Court with respect to the claim.  All proceedings with respect to the administration, processing, and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, will be subject to the jurisdiction of the Court.

23.     No person will have any claim against Plaintiffs, any Class Members, Defendants, the Claims Administrator, or any of their respective counsel based on payments made or gift cards distributed substantially in accordance with the Agreement or further order of the Court.

24.     Class Members will be bound by all determinations and judgments in this action, whether favorable or unfavorable.  To request exclusion from the Class and not be so bound, a person must mail or otherwise deliver a written exclusion request to the address designated for exclusion requests in the Settlement Notice or Gift Card/Payment Notice, postmarked no later than _____, 2011 or, if not sent by U.S. Mail, received no later than that date.  The exclusion request must state the person's name, address, and telephone number; state that the person wishes to be excluded from the Class and settlement in this action; and be signed by the person.  The request for exclusion will not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

25.     The Court will consider written comments from Class Members in support of, or in opposition to, the settlement, the Fee Application, or the application for incentive awards only if such comments and any supporting papers are submitted to the Clerk of the Court, United States District Court for the Northern District of California (San Jose Division), 280 South 1st Street San Jose, CA 95113, and copies of all such papers are served on each of the following:

| | | |
|---|---|---|
| Sherrie Savett | Charles B. Casper | Harry H. Schneider, Jr. |
| Berger & Montague, P.C. | Montgomery, McCracken, | Perkins Coie LLP |
| 1622 Locust Street | Walker & Rhoads, LLP | 1201 Third Avenue |
| Philadelphia, PA  19103 | 123 South Broad Street | Suite 4800 |
| | Philadelphia, PA  19109-1099 | Seattle, WA  98101 |
| Class Counsel | | |
| | Counsel for Danger, Inc. and | Counsel for T-Mobile USA, |
| | Microsoft Corporation | Inc. |

All such comments and supporting papers must be sent so they are received by the Court, Class Counsel, and Counsel for Danger, Inc., Microsoft Corporation, and T-Mobile USA, Inc. no later than _____, 2011.  The comments must include the Class Member's name, address, telephone number, and signature; include a reference to *In re T-Mobile Sidekick Litigation*, case number 09-04854 JW; state the Class Member's position and supporting reasons; and include copies of any documents the Class Member wishes the Court to consider. The Court will not consider comments from non-Class Members, including persons who have excluded themselves from the Class.

26.     Class Members who submit written comments in accordance with the procedure set forth above, and who wish to be heard orally with respect to approval of the settlement or the Fee Application, must provide written notice of their intention to appear at the Fairness Hearing.  This notice must be included with or contained in the Class Member's written comments, state that the Class Member intends to appear and speak at the Fairness Hearing, and state the position the Class Member intends to present at the Fairness Hearing.  Unless otherwise permitted by further order of the Court, to perfect an appeal from any provision of an

7

order approving the settlement as fair, reasonable, and adequate, an order granting the Fee Application, or an order granting the incentive awards, a Class Member must appear and present his or her objection at the Fairness Hearing in person or through his or her counsel, or seek leave of the Court excusing such appearance prior to the Fairness Hearing.

27.     All Class Members who fail to submit an objection to the proposed settlement or the Fee Application in accordance with the deadline and procedures set forth above will be deemed to have waived and be forever foreclosed from raising the objection.

28.     Pending the Court's decision on whether the settlement should be granted final approval and the exhaustion of all appeals or review proceedings with respect thereto, neither Plaintiffs nor any Class Member, nor anyone who acts or purports to act on their behalf, shall commence or pursue any action or proceeding in any forum asserting any Released Claims.

So ordered this _____ day of _____ 2010.


_____
James Ware
United States District Judge

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

**In re T-Mobile Sidekick Litigation**          **No. C 09-04854 JW**

                                                **[PROPOSED]
                                                ORDER AND FINAL JUDGMENT**

On _____, 2011, the Court held a hearing to determine whether the proposed class action settlement in this case should be granted final approval and a judgment entered under the settlement.  The Court has considered all arguments and written submissions made in connection with the matter, including any objections or comments by Class Members.  The Court now finds and orders as follows:

1.      All defined terms used herein have the same meanings set forth for such terms in the Settlement Agreement dated November __, 2010 (the "Agreement").

2.      The Court has jurisdiction over the subject matter of this action, Plaintiffs, all Class Members, and Defendants.

3.      Notice of the proposed settlement and the Fairness Hearing was given to the Class in accordance with the Order Granting Preliminary Approval Of Proposed Settlement, Directing Notice To Class, And Setting Fairness Hearing entered _____. 2010 (the "Notice Order").

4.      Attached hereto as Exhibit A is a list of the names of the persons who have excluded themselves from the Class and are thus not bound by this Judgment.

5.      The Agreement is fair, adequate, and reasonable to those it affects, and should be granted final approval under Rule 23(e)(2) of the Federal Rules of Civil Procedure, considering the following factors:

          a.      The strength of the plaintiffs' case;

          b.      The risk, expense, complexity, and likely duration of further litigation;

EXHIBIT C

c. The risk of maintaining class action status throughout trial;

d. The amount offered in settlement;

e. The extent of discovery completed and the stage of the proceedings,

f. The experience and views of counsel; and

g. The reaction of the class members to the proposed settlement.

*See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

6. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

7. All Class Members who failed to submit an objection to the settlement in accordance with the deadline and procedures set forth in the Notice Order are deemed to have waived, and are forever foreclosed from, raising any objections.

8. The Court hereby dismisses the Consolidated Class Action Complaint in this action with prejudice and without fees or costs, except as provided in the Agreement, and renders judgment in favor of Defendants.

9. Plaintiffs and all Class Members are hereby deemed to have fully, finally, and forever released, relinquished, and discharged the Released Persons from all Released Claims, as more fully set forth in the Agreement, and are permanently barred and enjoined from pursuing any Released Claims against the Released Persons.

10. Defendants and all other Released Persons are hereby deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs, all Class Members, and their attorneys, including Class Counsel, from all Defendants' Claims, as more fully set forth in the Agreement, and are permanently barred and enjoined from pursuing any Defendants' Claims against any Plaintiffs, Class Members, or their attorneys, including Class Counsel.

11. Class Counsel are awarded $950,000 in attorneys' fees and reimbursement of expenses, which is an amount that the Court finds fair and reasonable. This amount will be paid by Defendants at the time specified in the Agreement, and is to be allocated by Class

Counsel among themselves under their own agreement.  In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

(a)    Class Counsel devoted substantial time and effort to pursuing this action;

(b)    The settlement will result in a meaningful recovery by all Class Members;

(c)    Class Counsel took the case on a contingent basis, and assumed and bore substantial risk in pursuing the case during the time it has been pending before this Court;

(d)    Class Counsel conducted the litigation and obtained the settlement through the exercise of skill, perseverance, and diligent advocacy;

(e)    The action involves complex factual and legal issues that, in the absence of a settlement, would involve further lengthy proceedings and uncertain outcomes as to those issues;

(f)    Had Class Counsel not obtained the settlement, there would have been a significant risk that the Class would ultimately recover less or nothing from Defendants;

(g)    More than _____ copies of the Electronic Settlement Notice, Electronic Gift Card/Payment Notice, Settlement Notice, and/or Gift Card/Payment Notice were e-mailed or mailed to Class Members, stating that Class Counsel would seek attorneys' fees and expenses in the amount now awarded by the Court, and only ___ objections were filed by Class Members concerning either the settlement or the requested award of fees and expenses;

(h)    The amount of the fee award was agreed to by the Parties through arm's-length negotiations; and

(i)    The amount of attorneys' fees awarded is consistent with awards in similar cases.

12.    Incentive awards to Plaintiffs Eli Mapstead, Lisa Marinaro, Lucinda Miller, Mary Pietler, and Maureen Thompson are approved in the amount of $750 each, to be paid in

accordance with the Agreement.  The Court finds such incentive awards to be fair and reasonable in light of the time and efforts devoted by Plaintiffs to the prosecution of this litigation on behalf of the Class.

13.     Neither the Agreement nor the settlement, nor any discussion, act, or document prepared or executed in connection with or in furtherance of the Agreement or settlement, (a) may be used as an admission, concession, or evidence of the validity of any Released Claims or any wrongdoing or liability of Defendants; (b) may be used as an admission, concession, or evidence of any fault, misrepresentation, or omission of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) may be used or admitted for any purpose other than enforcement of the terms of the Agreement or the settlement.

14.     Neither Class Counsels' Fee Application, any order or proceedings relating to the application, nor any appeal from any order relating thereto or reversal or modification thereof, shall in any way affect or delay the finality of this Judgment, and all such matters shall be considered separately from this Judgment.

15.     Without affecting or delaying the finality of this Judgment, the Court retains exclusive jurisdiction over the Parties and Class Members for all matters relating to this action and the settlement, including the administration, interpretation, implementation, or enforcement of the Agreement and this Judgment.

16.     This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

So ordered this _____ day of _____, 2011.


_____
James Ware
United States District Judge

4